[No. 12411.  Department Two. — December 19, 1889.]

JOHN S. MURRAY, ASSIGNEE, ETC., APPELLANT, v.
GEORGE E. WHITE, RESPONDENT.

INSOLVENCY — TRANSFER TO PARTNER OF INSOLVENT — RECOVERY BY AS-
SIGNEE — INSTRUCTIONS AS TO PARTNERSHIP. — Where an insolvent
debtor has, in contemplation of insolvency, made a bill of sale purporting
to sell and transfer the "right and interest" which the insolvent had
in all or any of certain sheep, and there is evidence tending to show a
partnership as to some of the sheep between the insolvent and the trans-
feree, it is proper for the court, in an action by the assignee of the
insolvent to recover the property, to give instructions to the jury on
the subject of partnership; and a judgment limiting the recovery of the
assignee to the interest of the insolvent as such partner will not be reversed
upon appeal of the assignee, on the ground that the instructions placed
too prominently before the jury the law applicable to partnership
relations.

ID. — LEASE TO INSOLVENT BY PARTNER — SURRENDER — BILL OF SALE —
APPLICABILITY OF INSTRUCTION. — An instruction in such action upon the
subject of a lease from the partner of the insolvent to the insolvent of
such partner's interest in the sheep in controversy, and as to the effect
of a surrender of such lease, cannot be objected to as inapplicable on the
ground that the partner must be held to have claimed all the property
under the subsequent bill of sale from the insolvent, transferring to such
partner all the "right and interest" of the insolvent in the sheep; and
such objection is not ground of reversal on appeal of the assignee of the
insolvent, the jury having found what that interest was, and its value,
and given the assignee a verdict therefor.

INSTRUCTIONS. — Instructions are unobjectionable when they are sufficiently
full, and, considered all together, state the law of the case clearly and
correctly, and not unfairly to the appellant.

APPEAL from a judgment of the Superior Court of
Humboldt County, and from an order denying a new
trial.

The instruction in regard to the lease by White to
Woodman, referred to in the opinion, was as follows:
"Now, there was a lease by White to Woodman, made
June 19, 1884.  The lease was to run two years.  There
is no question but what that lease might have been sur-
rendered by the consent of White, and if Woodman
surrendered the lease, White had a right to the posses-
sion of the property.  In other words, I may say that

he — that each party — had a right to the possession of the property. There was no impropriety in White taking possession of it after the lease was surrendered." Further facts are stated in the opinion of the court.

*Horace L. Smith,* and *J. A. Cooper,* for Appellant.

*T. L. Carothers,* and *Henley, Swift & Rigby,* for Respondent.

McFARLAND, J. — The plaintiff, Murray, brought this action as assignee of Daniel T. Woodman, an insolvent debtor. The complaint avers that within one month before the filing of the petition (in involuntary insolvency), against Woodman, he did, in contemplation of insolvency, etc., assign, transfer, etc., to the defendant, White, certain personal property, consisting principally of sheep, with a view of giving a preference, etc. The value of the property is alleged to have been $15,815, for which sum, with damages, judgment is prayed. The jury found a verdict for two thousand two hundred and fifty dollars, and plaintiff, being dissatisfied with the amount, appeals from the judgment, and from an order denying a new trial.

For several years prior to the alleged fraudulent transfer, the said Woodman and the defendant, White, had been engaged in the business of sheep-raising. There were several distinct flocks of sheep kept on several different ranges in Humboldt and Trinity counties, in some of which Woodman and White were jointly interested; others were owned by one or the other individually. Their business affairs and accounts, as between themselves, were very much confused, and the evidence was conflicting as to what their real relations were with respect to those sheep, in which they were, in some way, jointly interested. And the main point made by appellant is, that the court erred in giving certain instructions to the jury on the subject of partnership. The

objection urged is, not that the instructions do not state the law correctly, but that there was no evidence to support the theory or fact on which they were based,—that is, that there was no evidence on the subject of partnership. But an examination of the record certainly does show that there was considerable evidence tending to show a partnership relation between the parties as to some of the sheep. Indeed, the appellant himself asked the court to give an instruction on the subject of partnership, and the court, at his request, did give instruction No. 7 on that subject. And it is apparent from appellant's brief that his main objection to the instructions of the court on this point is, that they " placed too prominently before the jury the law applicable to partnership relations." But that would be an unsubstantial ground for the reversal of a judgment, unless in a case much more extreme in that respect than the one at bar. We think, therefore, that the judgment should not be reversed on account of the instructions about partnership.

We do not think that there was any error in the charge about a lease by White to Woodman. The objection seems to be that it was not applicable, because White, in appellant's view, must be held as claiming all the property under a bill of sale from Woodman to him, dated August 3, 1885. But that bill of sale purported to sell and transfer only the " right and interest " which Woodman had in any or all of the sheep; and the jury evidently found what that interest was, and its value, and gave plaintiff a verdict therefor.

We see no objection to any of the other instructions. They were full, and, considering them all together, we think that they stated the law of the case very clearly and correctly, and certainly not unfairly to plaintiff.

There are two or three points alluded to in appellant's brief about alleged errors committed in admitting evidence; but the references to the transcript are too general and vague to point out where the rulings complained of

may be found. From a general examination of the transcript we discover no material errors on this score.

It was, no doubt, somewhat difficult for the jury in this case to discover the real facts, but the case was fairly put to them, and we see no reason to disturb their verdict.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.