[No. 13774.   Department One. — January 16, 1892.]

WILLIAM WHALEN ET UX., RESPONDENTS, v. THE ARCATA AND MAD RIVER RAILROAD COMPANY, APPELLANT.

NEGLIGENCE — DEFECTIVE RAILROAD CROSSING — CONTRIBUTORY NEGLIGENCE — QUESTION OF FACT. — In an action against a railroad company for damages for injuries received while driving across the track, where the evidence showed that the railroad crossed the road at an oblique angle on a level with the highway; that the crossing was filled in with planks between the rails, except that the company had, unknown to the plaintiffs, removed one plank along the side of one of the rails, and had neglected to restore it, and that the rails projected above the planking about an inch or an inch and a half; that the plaintiffs were driving a steady horse at the rate of five or six miles an hour, and did not slacken speed at the crossing; and that when crossing the track the wheel of their cart caught in the space left between the planking and the rail, and they were upset and injured, — the fact that the plaintiffs failed to slacken speed at the crossing does not, as matter of law, show negligence on their part, but the question is one of fact for the jury, and a verdict for the plaintiffs will not be disturbed.

ID. — PERFORMANCE OF DUTY ASSUMED — ORDINARY PRUDENCE — PROVINCE OF JURY. — So far as affects the liability of defendant, the plaintiffs had a right to assume that it had performed its duty and maintained the crossing in good condition; and conceding that the plaintiffs crossed the track at a different angle from what travelers generally did, it cannot be said, as matter of law, that a person of ordinary prudence would not have crossed as plaintiffs did, but it was for the jury to say whether it was culpable negligence on their part, and whether it contributed proximately to the injury.

APPEAL from a judgment of the Superior Court of Humboldt County, and from an order denying a new trial.

The facts are stated in the opinion.

*S. M. Buck*, and *C. M. Wheeler*, for Appellant.

*Frank McGowan*, and *J. D. H. Chamberlin*, for Respondents.

TEMPLE, C. — Appeal from judgment and order refusing defendant a new trial.

The plaintiffs are husband and wife, and bring this

suit to recover damages for personal injuries received by the wife.

They aver that defendant's road crosses the highway, and that defendant so negligently and carelessly kept and maintained the crossing that it was allowed to become grossly out of repair and in an unsafe condition, in this, "that said defendant allowed a space in said crossing unnecessarily large to be and remain between one rail of said road and said crossing, at the point on said crossing on said road where vehicles were and are usually driven"; that while plaintiffs were crossing with a cart, without fault on their part, but by reason of the unsafe condition of the crossing, "one of the wheels of said cart was caught in said large space between said crossing and said rail herein described, and the said cart was then and there overturned, and the plaintiffs violently thrown to the ground, whereby," etc.

The court, in effect, charged the jury that the plaintiffs, in order to recover, must prove the allegations precisely as made; that it would not be sufficient to show that the crossing was defective in some other respect, as that it crossed the highway at an angle, or that the rails were too high.

The appellant claims that the evidence shows that the accident was not caused by the alleged defect. But we do not so understand the evidence. It seems to us that the very testimony so confidently referred to as sustaining the position of counsel tends directly and plainly to show that the accident was caused in the precise manner alleged. And so it must have appeared to the jury, which rendered the verdict after an instruction so distinct and positive, and to the learned judge, who, of his own motion, gave the instruction and refused a new trial.

The natural effect of use would have been to deepen the impression near the rail, and perhaps to accumulate earth immediately against it; and it is easy to see how the removal of this earth, shortly before the accident, might, in the absence of the necessary plank, in-

crease the liability to an accident, precisely as charged
in the complaint, and as we think some of the testimony
tended to prove.   That there was other testimony incon-
sistent with this can make no difference here.

We find no evidence which tends to prove any other
defect than that charged.

The only question, therefore, is, whether plaintiffs were
guilty of negligence which proximately contributed to
the accident.   That they were is claimed on two grounds:
Plaintiffs were driving with reckless speed, and turned
while on the track, instead of going directly across.

Plaintiffs' evidence was to the effect that they were
driving a steady horse at the rate of five or six miles per
hour, and did not slacken speed at the crossing.   The
crossing was quite oblique, was on a level with the high-
way, and the rails projected above the planking about
one inch or an inch and one half.   The crossing was
filled in with planks, except that defendant had removed
one plank along the north rail, and had neglected to re-
store it.

It was not shown that plaintiffs knew of the defect.

We cannot say, as matter of law, that, under such cir-
cumstances, the failure to slacken speed at the crossing
was negligence.   Had the crossing been in good order,
we do not know that such speed would have been dan-
gerous.   So far as affects the liability of defendant, the
plaintiffs had a right to assume that it had performed
its duty, and had maintained the crossing in good con-
dition.   Although the evidence may not be conflicting,
the question of negligence is peculiarly one for the jury.
(*Fernandes* v. *Sacramento City R. R. Co.*, 52 Cal. 48.)

Courts will not interfere with a verdict, where the con-
clusion can fairly and reasonably be drawn from the
evidence.

The evidence is not very clear that there was any turn-
ing on the crossing, or that plaintiffs crossed at a differ-
ent angle from what travelers generally did.   Minor was
driving across at the same time, going in the same direc-
tion.   He says that, having a fractious horse, he turned

to the left as much as possible, to give them the road. He was asked: —

"Q. Did they keep on the traveled part of the road, or did they keep to the right? A. Well, I should think it was near the center of the road. It seemed so to me, because I had to push the wheel away with my hand, to keep it from striking my buggy after they capsized."

"Q. When they drove across, did they not turn to get in ahead of you on the left there? A. Well, I think there was an effort to pull around me; they passed me right on the railroad track."

And again: —

"Q. Did they turn to the left to get in ahead of you about the time the cart pitched? A. No, sir; I think they kept the middle of the road. I gave the road to them. They passed me, you understand, right on the track. Of course, they would naturally pull around a little as they passed. They upset to the east side; that is where they were thrown."

Again, examined by defendant's counsel: —

"Q. And of course they approached the road at a different angle from this main traveled track? A. Well, I should naturally suppose so."

"Q. Did the horse swing in towards you? A. Yes, sir.

"Q. That is, it swung in to the left? A. The moment they capsized, the horse swung almost immediately against me."

The parties were going north. The acute angle of the crossing on the north side was on the right, and plaintiffs fell out on the right side, while the buggy and horse swung to the left.

James Chaffey was the only other witness, besides plaintiffs and Minor, who testified for defendant as to this matter: —

"Q. When they came to the crossing, how did they manage? A. I was n't looking; I was walking along; I did n't see what passed, but the cart wheels caught in the rails, and tipped over."

Afterwards he said they were going to pass Minor, and when they gee'd off was when they caught in the rail.

We think the jury would be justified in thinking that this was not what the witness saw, but his conclusion. He was not asked if he could see whether the wheel caught in the rail or not. He said: " I just saw it slide,—it slid along a little. I was about fifty yards away; I had passed the track going to Arcata, and had to look around to see it."

But here, too, even admitting that appellant is correct as to its construction of the evidence, it was still properly left to the jury to say whether it was culpable negligence for plaintiffs to cross at the angle they did, and whether it contributed proximately to the injury. Had the crossing been in repair, it is possible that it would not have increased the danger. We certainly cannot say from the evidence that, had such been the case, a person of ordinary prudence would not have crossed as plaintiffs did. It was therefore a proper matter to be left to the jury, under the instructions of the court.

We think the judgment and order should be affirmed.

FOOTE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.