[No. 14851.    Department One. — July 11, 1892.]

J. R. DOTY, RESPONDENT, *v.* E. F. O'NEIL, APPELLANT.

CLAIM AND DELIVERY — STATUTE OF FRAUDS — CHANGE OF POSSESSION — CONSTRUCTIVE POSSESSION — INSTRUCTIONS — REVIEW UPON APPEAL. — In an action to recover the possession of personal property, involving a question as to actual and continued change of possession, under the statute of frauds, where it is claimed by the defendant upon appeal that the instructions for plaintiff tended to mislead the jury to infer that merely constructive possession of the property was sufficient to uphold a transfer of the property to the plaintiff, as against an attaching creditor, the jury could not be misled, where the instructions, taken together as a whole, preclude such inference, and where it appears that even if the instructions objected to were not sufficiently definite as to the nature of the possession required, those given at the request of the defendant supplied the defect, and were not inconsistent therewith.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion.

*Graves & Graves,* for Appellant.

A sale under the circumstances of this case is void under section 3440 of the Civil Code. (*Stevens* v. *Irwin,* 15 Cal. 506; 76 Am. Dec. 500; *Engles* v. *Marshall,* 19 Cal. 320; *Etchepare* v. *Aguirre,* 91 Cal. 288; *Cahoon* v. *Marshall,* 25 Cal. 197; *Ruddle* v. *Gibens,* 76 Cal. 457; *Dean* v. *Walkenhorst,* 64 Cal. 78; *Bunting* v. *Saltz,* 84 Cal. 168.)

*Wilcoxon & Bouldin,* and *W. B. Dillard,* for Respondent.

The instructions given were in accordance with the law. (2 Parsons on Contracts, 184; *Renninger* v. *Spatz,* 128 Pa. St. 524; 15 Am. St. Rep. 693; *Claflin* v. *Rosenburg,* 42 Mo. 439; 97 Am. Dec. 340, and note; *Williams* v. *Lerch,* 56 Cal. 334; *Walden* v. *Murdock,* 23 Cal. 552; 83 Am. Dec. 135; *Goldstein* v. *Nunan,* 66 Cal. 544; *Gould* v. *Huntley,* 73 Cal. 402; *Hogan* v. *Cowell,* 73 Cal. 212.) If, however, the instructions were capable of misleading, we do not think they can be held to have had that effect when taken in connection with the numerous and copious instructions asked and given at the request of the appellant.

VANCLIEF, C.—Action to recover the possession of personal property, or the value thereof. Trial by jury. Verdict and judgment for plaintiff. Defendant appeals from the judgment, and from an order denying his motion for a new trial.

The property consists of live-stock,—principally dairy cows,—which plaintiff claims to have purchased from his father, B. F. Doty. The defendant, as sheriff of San Luis Obispo County, took the property by virtue of an execution against B. F. Doty, and his defense to the action is, that the property in question was the property of B. F. Doty, and subject to the execution by virtue of which he took it.

1. Counsel for appellant claim that the evidence was insufficient to prove that the sale of the property from B. F. Doty to the plaintiff was accompanied by an immediate delivery, or followed by an actual and continued

change of possession; and that it was therefore void as against the creditors of B. F. Doty.

The only evidence as to immediate delivery and change of possession is the testimony of plaintiff and B. F. Doty; and their testimony not only tends to prove, but if true is sufficient to prove, an immediate delivery, followed by an actual and continued change of possession. Nor is there anything in the nature of their testimony, or in the circumstances disclosed, tending to discredit these witnesses.

2. The second and fourth instructions given to the jury at the request of plaintiff are as follows: " 2. Every transfer of personal property, if made by the person having possession or control of the property, must be accompanied by an immediate delivery, and followed by an actual and continued change of possession of the thing transferred, or the transfer is conclusively presumed to be fraudulent and void, against those who are his creditors while he remains in possession. But a change in location of the property intended to be transferred is not in all cases essential to constitute a valid transfer. In all cases due regard must be had to the character of the property, the nature of the transaction, the position of the parties, and the intended use of the property. And if you find from the evidence that there was an immediate delivery of the actual possession and control of all the property described in the bill of sale from B. F. Doty to plaintiff, at the date thereof, and that such delivery was followed by an actual and continued change of possession and control in plaintiff from that time to the taking by defendant, you will be justified in finding that there was a proper delivery under said bill of sale." " 4. In determining what it takes to constitute a delivery and change of possession of personal property upon a sale of it, the jury should take into consideration the character of the property, and the situation of the parties at the time of the sale; and in this case, if the jury find from the evidence that the plaintiff purchased the property in good faith, and for a

valuable consideration, before the execution introduced in evidence was levied upon the property, that plaintiff had done everything which could have reasonably been done, under the circumstances, by the way of taking possession of the property under the sale to him, then the property would not be liable to be taken on execution, unless you should find from the evidence that the sale was not accompanied by immediate delivery, followed by an actual and continued change of possession of the property sold, the rule of the law requiring the change of possession of personal property upon the sale of it, in order that the sale be not fraudulent as against creditors, only requires such a change of possession as the articles sold will conveniently and reasonably admit of."

Counsel for appellant contend that these instructions are erroneous, in that they tended to mislead the jury " to infer that constructive possession would answer the purpose."

At request of defendant, the court further instructed the jury as follows: " Every transfer of personal property, and every lien thereon, other than a mortgage when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery and followed by an actual and continued change of possession of the thing transferred, to be fraudulent, and therefore void against those who are his creditors while he remains in possession, and the successors in interest of such creditors. The word ' actual' means existing in act, and truly and absolutely so; really acted or acting; carried out; opposed to *potential, possible, virtual, or theoretical.*

" If you find from the evidence that at the time of the transfer by B. F. Doty to the plaintiff of the property described in the complaint, the said B. F. Doty was in the actual and exclusive possession of the tract of land from which the said property was taken by the sheriff, and had been so in possession for a long time prior

thereto, and that the said transfer took place upon the said tract of land, you must find for the defendant, unless you should find that the possession of the land changed with the personal property sold and delivered, as I have instructed you.

"Neither the fact of the payment of a valuable consideration by plaintiff to B. F. Doty for the property in controversy, nor that said sale was honest, is of any consequence. If you still believe that said sale from B. F. Doty to J. R. Doty, the plaintiff, was not accompanied by an immediate delivery, and an actual and continued change of possession, you should find for the defendant."

Taken together, these instructions seem to preclude any inference by the jury that merely constructive possession would be sufficient. If the two instructions objected to were not sufficiently definite as to the nature of the possession required, those given at request of defendant supplied the defect. The instructions given at request of plaintiff are not inconsistent with those given at request of defendant.

I think the judgment and order should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

PATERSON, J., HARRISON, J., GAROUTTE, J.