[No. 19186. In Bank.—March 29, 1894.]

## SALLIE D. STEPHENSON, RESPONDENT, v. THE SOUTHERN PACIFIC COMPANY, APPELLANT.

NEGLIGENCE—PLEADING—GENERAL ALLEGATION.—In pleading negligence, it is sufficient to allege the negligence in general terms, specifying, however, the particular act alleged to have been negligently done.

ID.—SUFFICIENCY OF COMPLAINT—SPECIAL DEMURRER.—Where the act by which the injury was brought about, and the negligent manner of its performance, is specified, but the statement of other facts auxiliary to this fact may tend to a clearer conception of the principal act, the complaint is good except as against a special demurrer.

ID.—QUESTIONS OF LAW AND FACT—NONSUIT.—Where the facts are admitted or proven without contradiction, the court will determine whether or not they establish negligence, or show contributory negligence, but where the conclusion is open to debate, it is one for the jury,

under proper instructions from the court, and a nonsuit should be denied.

ID.—INSTRUCTIONS, HOW CONSIDERED.—Instructions are to be read and considered as a whole, and the fact that when taken separately some of them may fail to enunciate in precise terms, and with legal accuracy, propositions of law, does not necessarily render them erroneous; but it is sufficient if all the instructions taken together, and not being inconsistent with each other or confusing, shall give to the jury a fair and just notion of the law upon the point discussed.

ID.—INSTRUCTION IGNORING CONTRIBUTORY NEGLIGENCE—JURY NOT MISLED.—Where the jury was repeatedly instructed, in clear and explicit language, that plaintiff was not entitled to recover, unless she was at the time of the accident herself exercising ordinary care to avoid the injury of which she complained, it is not to be reasonably supposed that the jury was misled to the prejudice of appellant because a single instruction upon the subject of the defendant's negligence omitted to say any thing upon the subject of the contributory negligence of the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*John D. Bicknell,* for Appellant.

*Wells, Monroe & Lee,* for Respondent.

The COURT.—Upon a reconsideration of this case, we are satisfied with the opinion therein filed by Department Two of this court on October 10, 1893, and for the reasons there stated the judgment and order appealed from will be affirmed.

Judgment and order affirmed.

The following is the opinion above referred to, rendered by Department Two on the 10th of October, 1893:

The COURT.—This action was brought to recover damages for personal injuries sustained by the plaintiff, who is respondent here, through the alleged negligence of defendant. Plaintiff had a verdict for eight thousand dollars, for which sum judgment was entered. The appeal is from the judgment, and from an order denying a new trial.

The Sixth street car line of the Los Angeles City Railway crosses the track of the Southern Pacific Company

on San Fernando street in the city of Los Angeles, near the San Fernando depot, and extends to East Los Angeles. The plaintiff, on the twenty-sixth day of December, 1889, was a passenger bound from East Los Angeles on a car of the street-car line, the motive power of which was a horse. Some sixty feet easterly from the railroad crossing is a switch and sidetrack of the street-car line, upon which the car bearing plaintiff was run, and stopped to allow an east-bound car of the Olive street line to pass. While so standing, a switch engine of defendant, propelled by steam, was observed on its track at or near the crossing, from which point it moved southerly some fifty feet south of the crossing (probably to allow the east-bound Olive street car to pass), where it stopped. The car containing plaintiff moved westerly to a point near the railway crossing, where it came to a full stop. The way being clear, it moved on. About simultaneously the switch engine of defendant rang its bell and backed toward the crossing, which is diagonal to the course of the street railway. The driver of the street-car whipped his horse across the track, and, as plaintiff testified, some one in the car called out "all who want to save their lives jump," and, observing the approach of the engine, she jumped from the car, which was open at the sides. As she fell her head struck the rail of the Olive street car line (which runs at this point nearly parallel with the track upon which plaintiff was a passenger), and received the injuries for which this action was brought.

The switch engine was stopped some fifteen or twenty feet before reaching the crossing. The street-car had passed the crossing five feet when plaintiff jumped from it, the engine being still in motion. The fireman on the engine saw the street-car, notified the engineer, and he stopped the engine.

The servants of the defendant in charge of the engine did not wantonly and unnecessarily let the engine take steam and start it with intention thereby and for the purpose of frightening the street-car passengers.

The first point made by appellant relates to the sufficiency of the complaint, which, it is contended, does not state a cause of action. The second paragraph of the complaint, to which the attack is directed, averred that plaintiff was a passenger upon a certain street-car, the line of which crossed the railway track, and had a right of way across the same; that the car-driver, upon approaching the crossing, observed an engine of defendant standing upon the railway track within a short distance of such crossing, whereupon the street-car came to a full stop, and remained standing a short time; that the street-car driver then ascertained that the engine was not in motion, and started his horse to cross the railroad track; that " when very near to defendant's track, to wit, within fifteen feet, and about to cross the same, the engineer of the defendant's engine negligently and carelessly gave his engine steam, and commenced to back the said locomotive upon the track towards and upon the street-car aforesaid, whereupon the passengers, including this plaintiff, observing the proximity of said engine, and that the same was rapidly approaching said street-car in which they were riding, and that there was imminent danger of a collision with said locomotive, commenced to make their escape from said car by jumping off therefrom, with a view and for the purpose of escaping injury from said engine, and that plaintiff, being in imminent danger of injury by the anticipated collision, jumped from said street-car, as did the other passengers." Then follow allegations to the effect that the street-car was on the crossing, and the engine within ten feet of it, and moving, when she jumped; that the danger was imminent; that she used due care, etc., but fell and was injured.

At common law it was not necessary in a declaration for negligence to set out the facts in detail, constituting the basis of the action. The following was the usual form, against the owner of a carriage for negligent driving: "For that defendant so negligently drove his horse and carriage that the same struck against the carriage

and horse of the defendant, whereby," etc., followed by an allegation of damage.

In adopting what is known as the code system of pleading, courts in most of the states have excepted from the general rule, requiring a complaint to state the facts constituting the cause of action in ordinary and concise language, cases founded upon negligence; or rather, they have so far modified the rule as to permit the plaintiff to state the negligence in general terms, without stating the facts constituting such negligence. This modification of a rule of code pleading is founded in wisdom, and grows out of a fundamental rule in common-law pleading, to the effect that "no greater particularity is required than the nature of the thing pleaded will conveniently admit." (Stephens' Pleading, *367.) Supported by that other rule that "less particularity is required when the facts lie more in the knowledge of the opposite party." (Stephens' Pleading, *370.)

In cases of negligence the sufferer may only know the general, the immediate, cause of the injury, and may be entirely ignorant as to the specific acts or omissions which lead up to it. Bliss, in his work on Code Pleading, at section 308*, gives the following illustration: "The driver upsets a stage-coach and breaks a passenger's arm; careful driving will hardly have such a result; the passenger knows there has been negligence, but he may not know in what it consisted. The driver may have been drunk and asleep; he may have so harnessed the horses that they would not obey the rein, or may have made them unmanageable by improper treatment. The plaintiff can only prove that the coach was turned over; the presumption is that it was the result of negligence; if not, the defendant can show it.

The term "negligence," for the purpose of pleading, is a fact to be pleaded—an ultimate fact, which qualifies an act otherwise not wrongful. Negligence is not the act itself, but the fact which defines the character of the act, and makes it a legal wrong. The absence of care

in doing an act which produces injury to another is actionable. The term "negligence" signifies and stands for the absence of care. "Negligence is the ultimate fact to be pleaded, and it forms part of the act from which an injury arises. . . . . It is the absence of care in the performance of an act, and is not merely the result of such absence, but the absence itself, and it is not, therefore, a mere conclusion of law, and may be pleaded generally." (*Louisville etc. R. R. Co.* v. *Wolfe*, 80 Ky. 84.)

As a result of the application of these principles to code pleading in cases of negligence and to others of kindred character, it is held in this state, and in nearly all of the United States, that it is sufficient to allege the negligence in general terms, specifying, however, the particular act alleged to have been negligently done. (Thompson on Negligence, 1246.) Tested by these rules, the complaint, which was not demurred to, stated facts sufficient to constitute a cause of action.

The case of *Spindler* v. *Milwaukee etc. R. R. Co.*, decided by the supreme court of Michigan, November 1, 1891, and reported in 42 American and English Railway Cases, at page 192, relied upon by appellant, at first blush seems in point, but an analysis of the complaint by the court shows that the inference drawn therefrom was that the driver of the sleigh was not shown to have relied, or had any reason to rely, on the train remaining still till he could pass, or that it started unexpectedly or improperly when it should have waited, or that it was improperly started. "This," says the court, "if it existed, would have been a very important element in the case." Again, the court says: "All that is averred is simply that defendant negligently struck a sleigh at a road crossing, the driver not being in fault."

In the present case the complaint avers that the defendant's engine was standing on its track within twenty-five feet of the crossing; that the driver of the street-car stopped, and, upon ascertaining that the engine was not in motion, started to cross the track, and when

near it "the engineer of the defendant's engine negligently and carelessly gave his engine steam, and commenced to back the said locomotive upon the track towards and upon the street-car aforesaid," etc. From this it will be seen the act by which the injury was brought about, and the negligent manner of its performance, is specified. The statement of other facts auxiliary to this main fact might have tended to a clearer conception of the principal act, but the most there can be said against the pleading is that it states a cause of action, but states it imperfectly, which is the equivalent of saying that it is good except as against a special demurrer.

The nonsuit was properly denied.

There was evidence tending to show such negligence on the part of defendant, and contributory negligence on the part of plaintiff, as made it proper to submit the question to the jury.

Where the facts are admitted or proven without contradiction the court will determine whether or not they establish negligence, or show contributory negligence; but where the conclusion is open to debate it is one for the jury under proper instructions from the court. (*Fernandes* v. *Sacramento City Ry. Co.*, 52 Cal. 45; *Orcutt* v. *Pacific Coast Ry. Co.*, 85 Cal. 291; *Whalen* v. *Arcata etc. R. R. Co.*, 92 Cal. 669; *Wilson* v. *Southern Pac. R. R. Co.*, 62 Cal. 164; *Davies* v. *Oceanic Steamship Co.*, 89 Cal. 280.)

The following instruction was given at the request of plaintiff: "If the jury believe from the evidence that the defendant was guilty of negligence as charged in the complaint, and that the plaintiff was injured thereby, your verdict should be for the plaintiff, and that whether such negligence appears or is proved by the testimony on the part of the plaintiff or by defendant's own witnesses." This instruction entirely ignores the question of contributory negligence on the part of plaintiff, and is, therefore, not in itself a complete and correct statement of the law, and the defendant insists that the judg-

ment should be reversed for this reason. In answer to this contention it is sufficient to say that the rule is well settled here that instructions are to be read and considered as a whole, and the fact that, when taken separately, some of them may fail to enunciate in precise terms, and with legal accuracy, propositions of law does not necessarily render them erroneous. "It is sufficient if all the instructions taken together, and not being inconsistent with each other or confusing, shall give to the jury a fair and just notion of the law upon the point discussed." (*Davis* v. *Button,* 78 Cal. 247; *People* v. *Lee Chuck,* 78 Cal. 339; *Monaghan* v. *Pacific Rolling Mill Co.,* 81 Cal. 190; *Murray* v. *White,* 82 Cal. 119; *Doty* v. *O'Neil,* 95 Cal. 244; *People* v. *Turcott,* 65 Cal. 126.) Tested by this rule, we do not think the particular instruction complained of could possibly have misled the jury.

The second instruction on the part of plaintiff was in part as follows: "The jury are instructed that in determining the question of negligence in this case they should take into consideration the situation and conduct of both parties at the time of the alleged injury as disclosed by the evidence; and, if the jury believe from the evidence that the injury complained of was caused by the negligence of the defendant's servants, as charged in the complaint, and the plaintiff acted as was reasonably to be expected of a person of ordinary care and prudence in the situation in which she found herself placed, then the plaintiff is entitled to recover."

The 4th, 8th, 9th, 10th, and 11th instructions asked by plaintiff all contained similar expressions, indicating the right of plaintiff to a recovery, to be subject to the exercise on her part of such reasonable care as a person of ordinary judgment and prudence would exercise under like circumstances.

The second instruction, given by the court at the request of defendant, was as follows:

"Second. The court instructs the jury that if you believe from the evidence that the plaintiff jumped from the street-car after it had passed from a place of danger,

or apparent danger, to a place of safety, and that a person of ordinary intelligence, under like circumstances, would have known that the danger was passed, and would not have jumped from the car at the time plaintiff did, you should find for the defendant."

· It will thus be seen that the jury were over and over again instructed in clear and explicit language that the plaintiff was not entitled to recover unless she was at the time of the accident herself exercising ordinary care to avoid the injury of which she complained, and it is not reasonable to suppose that the jury was misled to the prejudice of appellant because the first instruction omitted to say any thing upon the subject of the effect of contributory negligence upon plaintiff's right of recovery.

We find no substantial error in the record.

Judgment and order affirmed.