[S. F. No. 2750.   Department One.—May 28, 1903.]

GEORGE E. HANSON et al., Respondents, v. WILLIAM STINEHOFF et al., Appellants.

EJECTMENT—TRIAL—PROPOSED AMENDMENT OF ANSWER—MISJOINDER OF PLAINTIFFS—DISCRETION.—A proposed amendment to an answer in an action of ejectment during the progress of the trial so as to set up a plea of misjoinder of parties plaintiff does not affect the merits of the controversy, and where no good reason appears why the application was not made earlier it cannot be said that the court abused its discretion in refusing to allow the amendment.

ID.—POSSESSION OF PUBLIC LAND—USAGE—INSTRUCTION.—Where the title to the land in dispute, consisting of a dry river-bed and part of an island, was in the state, and the controversy turned upon prior possession, it was proper to instruct the jury that in determining whether the land in controversy was occupied and used for purposes for which it was adapted by the plaintiffs, they may consider the manner in which the owners of land of like character in the same neighborhood commonly occupy and use such lands.

ID.—OTHER INSTRUCTIONS NOT IN RECORD—PRESUMED QUALIFICATION OF INSTRUCTION.—Where other instructions are referred to in the transcript which are not embodied in the record, if it should be conceded that an instruction complained of should have been qualified, it will be considered that it may have been properly qualified by the other instructions, which should be taken together with it as a whole, so as to render it not erroneous.

ID.—ACTS OF POSSESSION OF RIVER-BED.—Acts of possession, consisting of clearing, cultivation of parts suitable therefor, pasturage of parts not fit for cultivation, upon which grass and clover grew, taking and selling gravel from parts suitable therefor, selling timber and logs lodged by winter floods, renting the river-bar and the adjacent river for fishing purposes, and inclosure of the whole tract by fences and natural barriers sufficient for the purpose of turning stock, are a sufficient compliance with the rules of possession of a dry river-bed, according to its situation and nature.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial. G. W. Hunter, Judge.

The facts are stated in the opinion of the court.

J. N. Gillett, for Appellants.

The refusal to allow a proper amendment at any stage of the trial, when necessary for the purpose of justice, is an abuse of discretion, and when it is not done it is error. (*Smith* v. *Yreka Water Co.*, 14 Cal. 202; *Stringer* v. *Davis*, 30 Cal. 318; *Farmers' Natl. Gold Bank* v. *Stover*, 60 Cal. 388; *Lower Kings River Water Ditch Co.* v. *Kings River and Fresno Canal Co.*, 67 Cal. 577.) The courts should be liberal in allowing amendments to pleadings when they do not seriously impair the rights of the opposite party; and this rule is particularly applicable to amendments to an answer. (*Gould* v. *Stafford*, 101 Cal. 32.) The court gave an abstract instruction about "the manner in which owners of land of like character in the same neighborhood commonly occupied and used such lands," which the evidence did not justify, and which was calculated to mislead the jury, and was therefore erroneous. (*Comptoir d'Escompte* v. *Dresbach*, 78 Cal. 15; *In re Calkins*, 112 Cal. 297; *People* v. *Oldham*, 111 Cal. 648.) It is error for the court to give an instruction where there is no evidence to support it. (*Mendelsohn* v. *Anaheim Lighter*

*Co.,* 40 Cal. 657; *Perkins* v. *Eckert,* 55 Cal. 401; *Shepherd* v. *Jones,* 71 Cal. 223; *Estate of Holbert,* 57 Cal. 257.) There was no sufficient possession of plaintiff when defendant entered. A small stream running over a gravelly and level bar, across which a man can easily walk, is not a natural barrier.

Ernest Sevier, and Denver Sevier, for Respondents.

The proposed amendment, not being "in furtherance of justice," nor showing an equitable defense, was properly refused in the discretion of the court. (*Bank of Woodland* v. *Heron,* 122 Cal. 107, 109, 110, and cases cited; *County of Siskiyou* v. *Gamlich,* 110 Cal. 94; *Wells, Fargo & Co.* v. *Enright,* 127 Cal. 673, 674.) The testimony of the witnesses showed that the barriers were sufficient for turning stock. There was evidence to justify the instruction complained of, and it was properly given. (*Webber* v. *Clarke,* 74 Cal. 15; *Brumagim* v. *Bradshaw,* 39 Cal. 44; *Coryell* v. *Cain,* 16 Cal. 573.) The instruction must be presumed to have been properly qualified by the other instructions not embodied in the record. The instructions are to be considered together as a whole, and the failure of one, severally considered, to set forth all the qualifications requisite does not render it erroneous. (*Stephenson* v. *Southern Pacific Co.,* 102 Cal. 150; *Feliz* v. *Feliz,* 105 Cal. 6; *Monaghan* v. *Pacific Rolling Mill Co.,* 81 Cal. 194.) The sufficiency of possession depends upon the situation and nature of the property and the uses to which it can be applied. (3 Rose's Notes to U. S. Reports, 639, 640; *Johns* v. *McKibben,* 156 Ill. 71; *Costello* v. *Edson,* 44 Minn. 435; *Daniels* v. *Gualala Mill Co.,* 77 Cal. 300.) Plaintiffs' acts of possession shown in the record are sufficient under the rules applicable to situation and nature of the property.

VAN DYKE, J.—The action is ejectment. Plaintiffs had verdict and judgment. The defendants appeal from the judgment and from the order denying their motion for a new trial.

The land in controversy consists of a portion of an island in the Eel River and an old bed of that stream, situated in Humboldt County. It appears that in 1895, during a large freshet, the river suddenly left its bed and made for itself a new channel north of said island, leaving its former bed dry.

Neither party claims title in fee, both relying upon possession, the legal title being in the state.

The first point made by the appellants is, that the court erred in refusing to permit them to amend their answer. The application was made during the progress of the trial, and, being denied by the court, was renewed when defendants had closed their evidence, and again denied. The proposed amendment to the answer consisted in a plea of misjoinder of parties on the part of the plaintiffs. The code declares that the court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding, etc. (Code Civ. Proc., sec. 753.) Great liberality, it is true, should be exercised in allowing amendments to pleadings, but that liberality should only be displayed, in the language of the code, in furtherance of justice. This should be the controlling consideration on the part of the trial court. (*Daly* v. *Russ*, 86 Cal. 118; *Bank of Woodland* v. *Heron*, 122 Cal. 109.) Inasmuch as the amendment proposed did not affect the merits of the controversy, and no good reason appearing why the application to amend was not made earlier, we cannot say that the court under the circumstances abused its discretion in denying the amendment to be made. The court did not err in denying the motion for nonsuit.

The appellants complain of the following instruction given to the jury upon the application of the plaintiffs: "In determining whether the land in controversy was occupied and used for purposes to which it is adapted (if you find that plaintiffs did so occupy and use any portion of it), you may take into consideration the manner in which the owners of land of like character in the same neighborhood commonly occupy and use such lands." The appellants particularly object to that portion of the instruction which says that the jury may take into consideration the manner in which owners of land of like character in the same neighborhood commonly occupy and use such lands. In *Sheldon* v. *Mull*, 67 Cal. 299, it was held that an instruction was proper which stated that it was not necessary that the party should surround the land in controversy by an inclosure, but is to be deemed in the possession of such parts of the land "as were occupied and used in the same manner that owners of land of like character in that

neighborhood commonly occupy and use them.'' In *Bruma-gim* v. *Bradshaw,* 39 Cal. 44, the court say: ''It is clearly established, both by reason and authority, that the acts of ownership and dominion over land which may be sufficient to constitute an actual possession vary according to condition, size, and locality of the tract.'' Judge Field, in *Coryell* v. *Cain,* 16 Cal. 573, says: ''By actual possession is meant a subjection to the will and dominion of the claimant, and is usually evidenced by occupation, by a substantial inclosure, by cultivation, or by appropriate use, according to the particular locality and quality of the property.'' (See, also, *Webber* v. *Clarke,* 74 Cal. 11.) Appellants claim, however, that there is no evidence upon the subject to justify the instruction. But the transcript shows that several witnesses testified to the nature and character of the inclosures by the farmers in that neighborhood of that kind and quality of land, including the plaintiffs'. It is said in the transcript that the instruction complained of, ''among others,'' was given. The otheis referred to are not contained in the transcript, and we have no means, therefore, of judging what bearing they may have had upon the one in question. If it should be conceded, therefore, that the instruction complained of should have been qualified or modified in some degree, it may be that the instructions omitted would have qualified or modified the one in question, and the rule is well settled that instructions are to be read and considered as a whole, and the fact that, when taken severally, some of them have failed to enunciate in precise terms and with legal accuracy propositions of law does not render them erroneous. (*Stephenson* v. *Southern Pacific Co.,* 102 Cal. 150; *Davis* v. *Button,* 78 Cal. 247; *Murray* v. *White,* 82 Cal. 119.)

It is further contended by the appellants that the plaintiffs were not in possession of the lands at the time the defendant Stinehoff entered thereon. There are three so-called specifications wherein the evidence is alleged to be insufficient to support the verdict. Conceding, for the purposes of the decision, that the specifications are sufficient to apprise the opposite party of what was intended, we think it is quite clear, upon an examination of the record, that there was sufficient evidence to justify the verdict. The acts of pos-

session, as shown from the evidence, consisted of clearing, cultivation of the parts suitable therefor, pasturage of the parts not fit for cultivation, but upon which grass and clover grew, taking and selling gravel from the parts suitable therefor, selling timber and logs from the parts upon which such things were lodged by the winter floods, renting the river-bar and the adjacent river for fishing purposes, inclosure of the whole tract by fences and natural barriers sufficient for the purpose of turning stock,—in other words, showing a compliance with the rules in reference to possession, according to the situation and nature of the land in question, as required by the rules of law governing such cases.

The judgment and order denying a new trial are affirmed.

Shaw, J., and Angellotti, J., concurred.