[Civ. No. 2198.   Second Appellate District.—February 7, 1917.]

# E. J. ROBINSON, Appellant, v. SMITH-BOOTH-USHER COMPANY (a Corporation), Respondent.

NEGLIGENCE—ISSUE OF CONTRIBUTORY NEGLIGENCE—INCONSISTENT IN-
STRUCTIONS—SUBSEQUENT CORRECTION—CURE OF ERROR.—In an
action for damages for personal injuries alleged to have been
caused by the negligence of the defendant, the plaintiff is not in-
jured by the giving of an erroneous instruction to the effect that
under the existing statutes he could not recover if he was guilty of
a want of ordinary care in the slightest degree contributing di-
rectly to his injury, regardless of the negligence of the defendant,
where the jury was also correctly instructed that the plaintiff's
recovery, if he was also negligent, should be diminished in the
proportion that his negligence bore to that of defendant, and the
court upon the conclusion of the charge suggested the inconsistency,
read the correct instruction to the jury a second time, and advised
them that it was a correct statement of the law.

ID.—APPEAL—INSTRUCTIONS—RECORD.—Where the record on appeal
fails to show that the instructions contained therein include all the
instructions which were given on the subject to which they relate,
it cannot be presumed that the court omitted to modify or qualify
them in certain respects.

ID.—INSTRUCTIONS—CONSIDERATION AS A WHOLE.—Instructions are to
be read and considered as a whole, and the fact that when taken
severally some of them have failed to enunciate in precise terms
and with legal accuracy propositions of law does not render them
erroneous, when it appears that there were other instructions which
are omitted from the record.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

Randall & Gaines, and Shepard & Alm, for Appellant.

Oscar Mueller, Gibson, Dunn & Crutcher, and Norman S.
Sterry, for Respondent.

CONREY, P. J.—This is an action wherein the plaintiff
seeks to recover damages for personal injuries sustained by

him while employed by the defendant in its machine-shop; it being alleged that these injuries were caused by the negligence of the defendant. The answer denied all negligence on the part of the defendant, and also pleaded contributory negligence on the part of the plaintiff. The jury returned a verdict for the defendant and judgment was entered accordingly. The plaintiff appeals from the judgment and from an order denying his motion for a new trial.

Appellant first insists that the evidence proved negligence on the part of the defendant and failed to prove contributory negligence of the plaintiff. There was a substantial conflict in the evidence upon these questions, and the evidence favorable to the defendant, if believed by the jury (as it was), is sufficient to support the verdict.

Appellant directs attention to certain instructions given by the court to the jury at the request of the defendant. It is claimed that by these instructions the jury was told that if the plaintiff was guilty of a want of ordinary care in the slightest degree contributing directly to his injury, plaintiff could not recover, regardless of the negligence of the defendant or its servant. Reliance is placed upon the fact that at the date of this accident, November 25, 1911, there was in force a statute relating to the liability of employers to their employees (Stats. 1911, p. 796), wherein it was provided that in actions of this class, ''the fact that such employee may have been guilty of contributory negligence shall not bar a recovery therein where his contributory negligence was slight and that of the employer was gross, in comparison, but the damages may be diminished by the jury in proportion to the amount of negligence attributable to such employee.'' In addition to the instructions complained of by appellant, the court gave to the jury an instruction requested by plaintiff, stating the doctrine of contributory negligence in accordance with said statute. At the close of his reading of instructions to the jury, the judge suggested that there was an inconsistency in the instructions relating to that issue. He then specially directed the attention of the jury to the instruction which he had given at plaintiff's request and read it to them a second time, with the further direct statement that this was a correct statement of the law. In view of this action by the court, we deem it unnecessary to examine the instructions complained of. Assuming that they were

erroneous, the instruction as finally given had the effect of withdrawing those erroneous instructions from the consideration of the jury. That a court may thus correct its own error seems too plain to leave room for argument.

Appellant also complains of defendant's instructions numbered 14 and 24 as given by the court. These instructions related to the question of negligence of the defendant, if from the evidence the jury believed certain stated facts. The criticism upon these instructions is that each of them purported to state a complete defense, but omitted certain facts concerning which evidence had been introduced, pertaining to defendant's alleged negligence. Assuming that the omitted evidence should have been stated, the record is not in the condition necessary to enable us to determine that the error was prejudicial to the plaintiff. "There shall be no presumption that error is prejudicial, or that injury was done if error is shown." (Code Civ. Proc., sec. 475.) The statement of the case, as set forth in the transcript, says that the court, "on its own motion and at the request of the plaintiff, instructed the jury in part as follows." After setting forth certain instructions thus given, it is further said: "That thereupon the court instructed the jury in part as follows, at the request of the defendant." After setting forth those instructions, it is said that "other instructions were given by the court of its own motion and by request of plaintiff and defendant not here set forth." There is not even a statement that the instructions placed in the record include all of the instructions given with respect to the propositions covered by the instructions put into the record. "It is said in the transcript that the instruction complained of, 'among others,' was given. The others referred to are not contained in the transcript, and we have no means, therefore, of judging what bearing they may have had upon the one in question. If it should be conceded, therefore, that the instruction complained of should have been qualified or modified in some degree, it may be that the instructions omitted would have qualified or modified the one in question, and the rule is well settled that instructions are to be read and considered as a whole, and the fact that, when taken severally, some of them have failed to enunciate in precise terms and with legal accuracy propositions of law does not render them erroneous." (*Hanson* v. *Stinehoff,* 139 Cal. 169, 171, 173, [72 Pac. 913].)

"Where numerous instructions are given (as in this case), it may well be that some particular instruction fails to contain a complete or accurate statement of the law. If, however, when the entire charge is examined the omissions or inaccuracies in a particular instruction appear to have been supplied, and the jury fairly and consistently instructed, generally, as to the law, this is sufficient to defeat any claim of error predicated on defects in particular instructions." (*Henderson* v. *Los Angeles Traction Co.,* 150 Cal. 689, 699, [89 Pac. 976, 980].)

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.