[S. F. No. 1276.    Department One.—February 21, 1900.]

JOHN JOHNSEN, Respondent, v. OAKLAND, SAN LEAN-
DRO & HAYWARDS ELECTRIC RAILWAY, Appel-
lant.

NEGLIGENCE—PROXIMATE CAUSE—UNLAWFUL SPEED OF ELECTRIC-CAR—
BREAKING OF FLANGE—QUESTION FOR JURY.—The running of an
electric-car at an unlawful rate of speed is evidence of negli-
gence, though not *per se* of the proximate cause of injury to
the plaintiff; but where the evidence shows that the plaintiff
was precipitated from his seat and thrown wholly across the
car through a window on the opposite side thereof, to the
ground, owing to the breaking of the flange of a wheel upon a
curved track, and the throwing of the car violently from
the track, it cannot be said as matter of law that the un-
lawful speed of the car was not the proximate cause of the
injury.    That question is for the jury to determine from the
evidence, and it is their province to decide whether the plain-
tiff would not have been injured as he was if the car had been
traveling at an ordinary and lawful rate of speed.

ID.—LATENT DEFECT IN WHEEL.—The fact that there was a latent defect
in the wheel, not discovered or known to exist, after the best-
known tests were applied, is not necessarily a complete defense
to the action; and is not ground for setting aside the verdict
for the plaintiff, which may have been properly based upon a
finding that the unlawful speed of the car was the proximate
cause of the injury complained of.

ID.—OPINION EVIDENCE OF PASSENGERS—SPEED OF CAR.—The testimony
of passengers who were riding on the car at the time of the
accident, and who were regular travelers upon this line, the
schedule and statutory time of which was eight miles per hour,
to the effect that the car was going very fast, and at an unusual
rate of speed, was proper evidence to go to the jury.    The law
recognizes a very broad and liberal rule in the reception of
opinion evidence of nonexperts as to the rate of speed at which
cars may be traveling.

APPEAL from a judgment of the Superior Court of Alameda
County and from an order denying a new trial.    S. P. Hall,
Judge.

The facts are stated in the opinion of the court.

Samuel Bell McKee, and Chickering, Thomas & Gregory, for
Appellant.

M. C. Chapman, Frederick E. Whitney, and Tom M. Bradley, for Respondent.

GAROUTTE, J.—Plaintiff has recovered damages for personal injuries received while a passenger upon one of defendant's electric street-cars. The car was going at an unusual and unlawful rate of speed, and while upon a curve, a flange of the car wheel broke, the car left the track, and plaintiff was precipitated to the ground through a window of the car, to his great injury. This appeal of defendant has but little merit.

It is first contended that the excessive speed of the car was not the proximate cause of the accident. This claim is based upon the testimony of defendant's witnesses to the effect that a perfect wheel of the kind here in use would safely support a similar car running at a speed much greater than the speed of this car at the time of the accident. This may be conceded, and still, under the facts of this case, it might well be said by the jury that the excessive and unlawful rate of speed of the car was the proximate cause of the injury. The jury may well have been justified in saying that after the flange of the wheel broke the car would not have left the track if the speed had not been excessive; or the jury may have gone a step farther and declared that, even though the car would have left the track, still the plaintiff would not have been injured if the car had been traveling at an ordinary and lawful rate of speed. It appears that this plaintiff was thrown across the car against and through the window on the opposite side of the car from where he was sitting. The jury may well have said from the evidence that this would not have happened if the car had been traveling at a proper and lawful rate of speed, notwithstanding the wheel may have broken and the car left the track. If the wheel may have broken and the car left the track, and still the plaintiff not have been injured except for the extraordinary and unusual rate of speed of the car, then it may be well said that the excessive rate of speed was the proximate cause of the injury and not the breaking of the wheel. While the excessive and unlawful rate of speed shows negligence upon the part of defendant, of course that fact, of itself, would not be sufficient to indicate such speed to be the proximate cause of the injury,

CXXVII. CAL.—39

but, as we have shown, there are other facts which, taken in connection with the rate of speed, would justify a jury in declaring that the proximate cause of injury was the excessive rate of speed. Appellant in this particular relies upon the late case of *Cox v. Chicago etc. Co.*, 102 Iowa, 711. Yet, upon examination of that case, we find it against him. It is there said: "It does not appear but that the limb which caused the derailment would have been caught up and carried along as it was had the speed of the train been less than it was." And again: "Whatever may be the reason for the rule, we are clearly of the opinion that the speed of the train was not the cause of the accident, that with the limb carried along as it was the accident would have occurred if the speed had been at the rate of three or five miles per hour less than it was. Had the speed been but ten miles per hour, the derailment and overturning of the engine would as surely have followed as it did at thirteen to fifteen miles per hour." It cannot be said in this case, as matter of law, that, if the speed of the car had been but eight miles per hour, the plaintiff would still have been precipitated through the window of the car and have received the injuries suffered.

It is next claimed that the accident to plaintiff was occasioned by a defective wheel, that the defect was latent, and could not be, and was not, discovered by defendant after the best known tests were applied, and this fact constituted a complete defense to the action. The defect in this contention is patent, not latent, and it is this: We have seen that the defective wheel was not necessarily the sole cause or to any degree the direct and proximate cause of the injury; and, even conceding a latent defect in the wheel, and the exercise of the proper amount of care in selecting and using the wheel by defendant, still, for the reasons already suggested, plaintiff's cause of action may have been full of merit, and should have gone to the jury upon the question as to the proximate cause of the injury.

Plaintiff introduced the evidence of various passengers who were riding on the car at the time the accident occurred as to the rate of speed the car was traveling. It is insisted that these witnesses were not competent to give an opinion upon that question. In view of the fact that they were regular travelers

upon this line of cars, and that the schedule and statutory time was eight miles per hour, there can be no question that the testimony given by these witnesses to the effect that the car was going very fast and at an unusual rate of speed was proper evidence to go to the jury; and indeed the law recognizes a very broad and liberal rule in the reception of opinion evidence of nonexperts as to the rate of speed cars may be traveling. As before suggested, these witnesses had been in the habit of traveling upon this line of road, and had at least made casual observation as to the speed of the cars at other times. They were fairly intelligent, and only gave an approximate opinion as to the rate of speed the car was going. The fact that they were passengers upon the car, rather than bystanders, does not bar them from testifying in this regard. The reported cases rejecting the class of evidence here offered are few indeed, while there is an abundance of authority to support its admission. (*Thomas v. Chicago etc. Ry. Co.*, 86 Mich. 496; *Walsh v. Missouri Pac. Ry. Co.*, 102 Mo. 582; *Ward v. Chicago Street etc. Ry. Co.*, 85 Wis. 601.)

We find no merit in the objection to the hypothetical question put to the witness Woolsey. Neither is there substantial merit in the remaining assignments of error.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.