WARREN et ux. v. SOUTHERN CALIFORNIA RAILWAY COMPANY.*

L. A. No. 951; December 18, 1901.

67 Pac. 1.

Railroads.—Plaintiff Set Out an Ordinance Limiting the Speed of railway trains, and then alleged that a train running at a great rate of speed by reason of said negligence struck plaintiff. A special demurrer to the complaint as ambiguous in not stating whether the negligence charged was a violation of the ordinance was overruled. Held, that, if error, it was not prejudicial, as the general allegation of negligence supported the cause of action, and would permit evidence of a violation of the ordinance.

Appeal.—The Rule That Error, to Work a Reversal, must be prejudicial, applies to error in overruling demurrers to complaints on ground of ambiguity.

Railroad Crossing—Contributory Negligence.—Plaintiff was in a Wagon, which another was driving. When within two hundred or three hundred feet of the crossing, the driver took the whip in her hand and slowed the horse to a walk, looking to the east, in which direction the view was unobstructed for one thousand feet. Thereafter the view in that direction became obstructed until a point

———

*For subsequent opinion in bank, see 138 Cal. 1, 70 Pac. 926.

twenty-five feet distant from the track, and at this point they looked to the west, and then, turning to the east, saw a train approaching, by which time the horse was but a few feet from the track, and the driver attempted to hurry across, but the wagon was struck, and plaintiff injured. Held, that the question of contributory negligence was for the jury.

Railroad Crossing—Contributory Negligence.—The Horse Being Afraid of the cars, and the question whether to attempt to cross or to turn down the embankment being one to be decided on the instant, the attempt to cross, even though a mistake, did not establish con-·tributory negligence.[1]

Railroad Crossing.—A General Verdict for Plaintiff Being Supported by evidence, a finding on a special issue that the horse was not under control immediately prior to the accident, though without support in the evidence, was not in substantial conflict with the general verdict.[2]

APPEAL from Superior Court, San Bernardino County; John L. Campbell, Judge.

Action by A. A. Warren and his wife against the Southern California Railway Company. Judgment for plaintiffs and defendant appeals. Affirmed.

C. N. Sterry and Henry J. Stevens for appellant; J. P. Hight and L. M. Sprecher for respondents.

GAROUTTE, J.—Plaintiff Betsey Warren and her daughter, Mary Green, a woman of mature age, were returning to their home in a small market wagon, drawn by one horse, and when crossing the railroad track over C street, in the city of San Bernardino, a collision occurred with an engine attached to a moving train of cars of defendant, and as the result plaintiff was injured and Mary Green was killed. The present action was brought to recover damages for the injury sustained by plaintiff Betsey Warren. Judgment went in her favor, and an appeal is prosecuted from the judgment and order denying a motion for a new trial.

1 Cited in the note in 37 L. R. A., N. S., 44, on care required of one in a sudden emergency.

2 Cited and followed in Gallegos v. Sandoval, 15 N. M. 223, 106 Pac. 375, where there was a general verdict for the plaintiff with certain special findings alleged to be inconsistent with it.

It is asserted that the special demurrer to the complaint should have been sustained. This demurrer was directed to an allegation which stated that the city of San Bernardino had upon a certain day enacted an ordinance whereby it was declared unlawful for a railroad train to travel within the city limits at a greater rate of speed than ten miles an hour. This allegation was followed by another to the effect that the ordinance was in full force and effect at the time of the accident. There was an allegation in the complaint alleging: "That defendant, not regarding its duty, so neg. ligently and carelessly operated and managed one of its trains of cars . . . . that on said thirteenth day of March, 1899, when said Betsey Warren had reached said crossing and was thereon in said spring wagon, said train of defendant, while moving at a great rate of speed, driven and propelled by steam, and by reason of the said negligence of said defendant, struck the said spring wagon in which said Betsey Warren then and there in the said city of San Bernardino was, and the said Betsey Warren then and there, by reason of the said negligence of defendant, was violently thrown from said spring wagon a great distance into the air," etc. The ambiguity and uncertainty of the pleading is claimed to lie in the fact that it cannot be determined whether or not the plaintiff was charging negligence against defendant based upon a violation of the ordinance. The general allegation of negligence above set forth was sufficient to support a cause of action: House v. Meyer, 100 Cal. 592, 35 Pac. 308; Stephenson v. Southern Pac. Co., 102 Cal. 146, 34 Pac. 618, 36 Pac. 407; Cunningham v. Los Angeles Ry. Co., 115 Cal. 566, 47 Pac. 452. But the ordinance, as set out, appears to be a mere matter of surplusage, for there is no allegation that the defendant was violating it when the accident occurred. Again, under the general allegation of negligence, a violation of a municipal ordinance, such as this one, could be shown without pleading it, for its violation would be negligence: Siemers v. Eisen, 54 Cal. 418. Beyond all this, the doctrine of Alexander v. Central etc. Mill Co., 104 Cal. 536, 38 Pac. 411, may be here invoked. It is there said: "It is not in all cases where error has been committed by trial courts in overruling demurrers to complaints upon the grounds of ambiguity or uncertainty that

this court will order a reversal of a judgment based upon a trial of the issues made by the complaint and answer. The same rule applies to errors of this character as is invoked as to all other errors of the court. It must not be mere abstract error, but it must be prejudicial and injurious error in order to avail appellant, for otherwise he has no cause of complaint." There was no substantial error in the order of the court overruling the demurrer.

In view of what has been said, there is nothing of merit in the second point discussed by defendant, as to the order of the court setting aside its order theretofore made striking out a portion of the pleading.

Should a nonsuit have been granted? In looking at this question the evidence will be taken most strongly against the railroad company. As to the negligence of the company there can be no question, for it was operating its train within the city limits of San Bernardino at a rate of speed of thirty or forty miles an hour, and in violation of a municipal ordinance. Again, prior to crossing C street, neither a whistle was blown nor a bell rung. Negligence upon its part being thus established, can it be said, as matter of law, that the plaintiff was guilty of contributory negligence? And by this interrogatory the court is brought to an examination of the more important facts of the case. Mrs. Green was driving the horse, and, as far as the questions here concerned are involved, it will be assumed that she and plaintiff stood on common ground as to the legal duties and responsibilities resting upon each. Their horse was afraid of the cars, and they selected this particular crossing over the track for the reason that it was considered the safer. It thus appears that at all times they had in mind the danger involved in crossing the railroad track. When within two hundred or three hundred feet of the crossing, Mrs. Green began to prepare for it by taking the whip in her hands, and when one hundred and ten feet from the crossing she slowed the gait of the horse to a walk, and looked at the track to the east, where her view was unobstructed to the distance of one thousand feet. Thereafter the view to the east became obstructed until they arrived at a point twenty-five feet distant from the center of the track. At this point they looked to the west, and saw no

train.   Then turning, and looking to the east, they saw a train approaching.   At this moment of time the horse was but a few feet from the track, and Mrs. Green then struck him with the whip, in order to cross the track.   But the engine collided with one of the back wheels of the wagon, and the accident occurred.   From this state of facts the court is satisfied that the case was properly left to the jury. It is not prepared to say, as matter of law, that plaintiff should have done more, and stopped and listened for an approaching train.   It is contended that when Mrs. Green saw the approaching train she should have turned her horse to the right down an embankment, where there was safety. At the moment she struck the horse with the whip and attempted to cross the track, the engine was distant about one hundred and fifty feet.   The nature of the accident indicated that, if the train had not been traveling at a great rate of speed, there would have been no injury.   The horse was afraid of the cars, and it was an open question whether it was better to attempt to cross the track or to turn down the embankment.   It was a question to be decided upon the instant, and, even conceding these women decided it wrongly, that decision does not conclusively establish contributory negligence on their part.   It is said in Green v. Lumber Co., 130 Cal. 435, 62 Pac. 747: ''If the danger of collision is hanging right over a passenger's head, the proprieties and niceties usually demanded of passengers in alighting from trains certainly need not be observed to their full extent.   Under these circumstances a person does not stand and ponder upon the order of his going, but goes at once.   A safe or unsafe spot may be chosen upon which to alight from the car.   If the spot be unsafe and dangerous, that fact of itself will not necessarily defeat a right of recovery, even though a safe and secure spot was at hand, and equally ready of access.''   And here this principle is applicable, for the court cannot say, as matter of law, that plaintiff was negligent in placing herself in the position where she was at the moment Mrs. Green struck the horse with the whip.   As already stated, defendant was moving its train within the confines of the municipality at a great rate of speed, probably of itself constituting negligence upon its part, regardless of the violation of a municipal ordinance.

It was doing this without giving any notice to the inhabitants of the municipality whatever, either by the ringing of the bell or the blowing of the whistle. Plaintiff had but a few moments prior thereto observed the track for a distance of one thousand feet to the east and no train was in sight. An obstruction then intervened until a moment or two before the attempt to cross the track was made. The court reiterates that under these circumstances it cannot be said, as matter of law, that plaintiff was negligent in being at the place she was when the attempt was made to cross in front of the train. If this train had not been traveling at an excessive rate of speed, the accident would not have occurred; for the wagon, with its occupants, would have safely crossed to the other side. It is not negligence per se in every case for a person to attempt to cross a railroad track in front of a moving train. The statement to that effect in Pepper v. Southern Pac. Co., 105 Cal. 389, 38 Pac. 974, must be read in view of the particular facts of that case. It depends largely upon the distance of the train from the crossing when the attempt is made, and likewise upon the rate of speed at which the train is traveling, and likewise upon the character of conveyance which the person is using. The law allows no one to race with death under such circumstances. At the same time, if this train had been traveling at the rate of sixty miles an hour, plaintiff would have been run down by it, even though it had been far distant when she made the attempt to cross the track. An attempt to cross a railroad track in front of a moving train one thousand feet distant from the crossing would not be declared negligence per se. This illustration is given to show that many elements of fact enter into the question of negligence per se in crossing railroad tracks in front of moving trains. Here the horse was within a few feet of the track. The train was approaching directly toward the parties, and, so approaching, necessarily it was difficult to determine the rate of speed at which it was traveling. It was one hundred and fifty feet distant, and the horse was afraid of the cars. Under these conditions the court is prepared to say that it was for the jury to pass upon the facts. This plaintiff and Mrs. Green, as disclosed by the evidence, realized the danger in crossing this track. In approaching the cross-

ing they appear to have done everything that any prudent person would do, unless it was to stop and listen at the point where a view of the track was obstructed. Yet, as matter of law, in view of the facts, the court will not say that they were guilty of contributory negligence in not so doing.

In its facts the case of Hecker v. Railroad Co. (Or.), 66 Pac. 270, is very similar to the case at bar, and the law as there declared is in full support of the conclusion to which the court has here arrived. Among other things, it is said: "Although it is negligence for a traveler not to look and listen for approaching trains before attempting to cross a railway track, the law does not undertake to determine whether he shall do so at any particular place or given distance from the crossing. It is only required that he shall look and listen at the time and place necessary in the exercise of ordinary care. And this is generally a question for the jury, under all the circumstances of the particular case; for, as said by the supreme court of New York: 'If, in case of an accident at a crossing, it appears that the person injured did look for an approaching train, it would not necessarily follow as a rule of law that he was remediless because he did not look at the precise place and time when and where looking would have been of the most advantage. Many circumstances might be shown which could properly be considered by the jury in determining whether he exercised due and reasonable care in making his observations': Rodrian v. Railroad Co., 125 N. Y. 526, 26 N. E. 741.'' The court feels that no adequate results would follow from the labor required in here setting out a review in detail of the numberless cases from other jurisdictions cited by appellant wherein is found a discussion of the question of contributory negligence arising from crossing railroad tracks at public highways.

Under the general allegation of negligence the plaintiff was entitled to introduce in evidence the ordinance of the city of San Bernardino limiting the rate of speed of trains within the municipality to ten miles per hour, and also to prove by witnesses that at this time the defendant was violating the terms of that ordinance. The witness Kelly was competent to give his opinion as to the rate of speed the train was traveling: Johnson v. Oakland etc. Ry. Co., 127 Cal. 608, 60 Pac. 170.

Many exceptions are taken to the various instructions containing the law given to the jury, and likewise many exceptions are taken to the action of the court in refusing to give certain instructions and in modifying others asked to be given. The instruction given bearing upon the degree and character of care required to be used by defendant in operating its trains, when read as a whole, cannot be said to contain substantial error. The same situation is found as to the instruction defining the degree of care required by the law to be used by the plaintiff. Neither can the instructions be said to be contradictory upon the point that Mrs. Green's negligence was the plaintiff's negligence. The court has examined carefully all of the exceptions taken upon this branch of the case. Many of them are technical in the extreme, and none of them are sufficiently meritorious to demand a reversal of the judgment and a second trial.

In this case special issues were found by the jury, and also a general verdict returned. It is now claimed that there was no evidence to support certain of these issues; notably the finding of the jury that the horse of plaintiff was not under control immediately prior to the accident. Conceding that there is an absence of evidence to support this finding, still that fact does not necessitate a retrial of the cause. The general verdict has support in the evidence, and it is sufficient that the special findings are not in conflict with that verdict. There being no substantial conflict between the general verdict and the special findings, the general verdict will stand.

For the foregoing reasons the judgment and order are affirmed.

We concur: Harrison, J.; Van Dyke, J.