Gallegos v. Sandoval.

[No. 1231, August 31, 1909.]

DONACIANO GALLEGOS, Appellee, v. E. M. SANDOVAL, Appellant.

SYLLABUS.

1. The filing of too many assignments of error rebuked.

2. The court has a right to grant a new trial at any time during the term in which the judgment was entered.

3. A complaint should proceed upon a definite and distinct theory and upon this theory the plaintiff's case must stand or fall.

4. Where there is a fatal inconsistency between the general verdict and the special findings the latter must control.

5. Every reasonable presumption in favor of the general verdict will be indulged in, while nothing will be presumed in favor of the special findings.

Gallegos v. Sandoval.

6. If the writ was placed in the sheriff's hands within sixty days from the time the levy was made and the returns filed he cannot be held liable as a trespasser on the theory that the writ was functus officio.

7. The sheriff seizing goods in pursuance of a writ issuing out of a court of competent jurisdiction is protected against an action by the judgment debtor owning the property unless there has been an abuse of authority.

8. To render the sheriff liable as a trespasser ab initio it must be shown that in making the levy he was so grossly negligent as to indicate a wilful intention to exceed his authority. or that his acts subsequent to the levy were of such character as to make it appear that he was influenced by motives of malice or corruption.

9. The word "oppressive" in its ordinary sense means an act of cruelty, severity, unlawful exaction, domination or excessive use of authority, and if the finding that the defendant acted "oppressively" is sufficient to render him liable there is not conflict between the general verdict on the theory that the sheriff was a trespasser in making an execution levy, though the jury do not affirmatively find that the writ was in the sheriff's hands, more than 60 days before the levy so as to make him liable on the theory that the writ was functus officio.

10. The seizure of $700 worth of goods to satisfy a judgment of less than $100 is not sufficient per se to render the sheriff liable as a trespasser.

Appeal from the District Court for Bernalillo County before IRA A. ABBOTT, Associate Justice. Affirmed.

KLOCK & OWEN for Appellant.

A complaint must proceed upon a distinct and definite theory and upon that theory the case must stand or fall: Carpentier v. Brenhan, 50 Cal. 549; Welsh v. Darragh, 52 N. Y. 590; Humiston v. Smith, 22 Conn. 19; Easterly v. Barber, 66 N. Y. 440; Chicago, etc., R. R. Co. v. Bills,

Gallegos v. Sandoval.

104 Ind. 13; Mescal v. Tully, 91 Ind. 96; Goodwin v. Griffis, 88 N. Y. 639; Raymond v. Toledo R. R. Co., 57 O. St. 271; Stoughton v. Mott, 25 Vt. P. 263; Chitty on Pl., vol. 1, 7 Eng. ed., p. 207; Tidd's Pr., vol. 1, Am. ed., p. 440; Enc. P. & P., vol. 21, pp. 828-830 and cases cited; Sexey v. Adkinson, 40 Cal. 408; State v. Martin, 77 Mo. 670.

An action for the abuse of legal process can only be predicated upon some collateral object and not where it is to collect the very debt in suit. Granger v. Hill, 4 Bing., N. C. 212; Stoughton v. Mott, 25 Vt. 263, Anno. ed., book 9, p. 667, note and cases cited in opinion.

If the jury fail to agree upon a special question, this is equivalent to a finding inconsistent with the general verdict, provided the fact is indispensable to support such a verdict. Abbott's Trial Brief, Civil Jury Trials, p. 547; Kansas Pac. Ry. Co. v. Reynolds, 8 Kan. 623; Clark v. Weir, 37 Kan. 98; Redford v. Spokane St. Ry. Co., 9 Wash. 55; Tourtelette v. Brown, 1 Colo. App. 408, 29 Pac. 130; Nichols v. Wadsworth, 40 Minn. 547; 42 N. W. 541; Awde v. Cole, et al., Sup. Ct. Minn., Nov. 23, 1906, 109 N. W. 812; Walker v. So. Pac. Ry. Co., 165 U. S. 593, 597, 598; Schofield v. Territory ex rel, 9 N. M. 540, 541; Robinson v. Palentine Ins. Co., 11 N. M. 178, 179; Walker v. N. M. & So. Pac. Ry. Co., 7 N. M. 282; C. L. 1897, sec. 2993.

The return on the execution was conclusive. Freeman on Executions, vol. 2, sec. 366, p. 1211; Tillman v. Davis, 28 Ga. 494, 73 Am. Dec. 786; Enc. Evidence, vol. 2, pp. 974, 975 and cases cited; Putnam v. Mann, 3 Wend. 202; Brown v. Kennedy, 15 Wall., U. S. 597; Allen v. Martin, 10 Wend. 301; Smith et al. v. Gains, 93 W. S. 901-903; Measure of Damages; Sutherland on Damages, vol. 3, pp. 484, 485.

The return of the sheriff imports verity, and the burden of proving it to be false rests on the party assailing it and must be discharged by evidence sufficient to overcome the presumption arising from the fact that it was made in the line of his duty by a sworn officer. Paul v. Malone, 87 Ala. 544, 6 So. 351; Titus v. Lewis, 33 O. St. 304; U. S. v. Crussell, 14 Wall. 4; Lea v. Polk Co, Cop-

Gallegos v. Sandoval.

per Co., 21 How. 493-497; Wilkes v. Dinsman, 7 How. 88.

NEILL B. FIELD for Appellee.

The court retains control of its judgments during the term. A return is conclusive only in the particular case in which it is made; and there is no authority the other way. III Freeman on Ex., sec. 366; Whitehead v. Keyes, 3 Allen 495; 1 Chitty on Pleading 594; C. L. 1897, sec. 2685, sub-sec. 1; Code, Article 4, sub-sec. 43; Bliss on Code Pl., sec. 394; Raker v. Bucher, 34 Pac. 850; Wolcott v. Ely, 2 Allen 338; McGough v. Wellington, 6 Allen 507; Gufford v. Woodgate, 11 East 296, Ph. Ev., 1 Am. ed. 293, 294; Hathway v. Goodrich, 5 Vt. 56; Stanton v. Hodges, 6 Vt. 66; Barrett v. Copeland, 44 Am. Dec. 363; Chetelat, Sheriff v. Kelter, 42 Pac. 495; Jackson v. Hill, 37 E. C. L. Repts. 158; Baker v. Seavey, 163 Mass. 527; Baker v. McDuffie, 23 Wend. 289; Brown v. Davis, 9 N. H. 76; Boynton v. Willard, 10 Pick. 166.

It is the duty of the officer, on the one hand, to avoid making an inadequate, and on the other hand, to avoid making an excessive levy. For an error of conduct in either respect, he is responsible to the person damaged. II Freeman Ex., sec. 253; Handy v. Sheriff of Wayne, 50 Mich. 357; Cook v. Jenkins, 30 Iowa 452; Silver v. McNeil, 52 Mo. 518.

An assignment of error is insufficient and presents no question for review if any one of the propositions asked was unsound. Schofield v. Territory, ex rel, 9 N. M. 540-1; Pearce v. Strickler, 9 N. M. 467; Territory v. Clark, 79 Pac., N. M. 708; Territory v. Guillen, 66 Pac., N. M. 527; Chateaugay Co. v. Blake, 144 U. S. 476; Union Pac. Ry. Co. v. Callahan, 161 U. S: 91; Union Ins. Co. v. Smith, 124 U. S. 405; C. L. 1897, sec. 3017, amended by Laws of 1901, p. 101; Steel Rail Sup. Co. v. Baltimore & L. Ry. Co., 130 Fed. 435; Holloway v. Dunham, 170 U. S. 615, Harvey v. Tyler, 2 Wall. 339; Express v. Kountze Bros., 8 Wall. 353; Block v. Darling, 140 U. S. 238; Texas & Pac. Ry. Co. v. Volk, 151 U. S. 78; Allis v. United States, 155 U. S. 122; Backus v. Fort Street Union Depot Co., 169 U. S. 575; Humes v. United States, 170 U. S.

211; Steel Rail Sup. Co. v. Baltimore & L. Ry. Co., 130 Fed. 435; Newport News & Miss. Val. Co. v. Pace, 158 U. S. 36; Frizzell v. Omaha St. Ry. Co., 124 Fed. 180; Isaacs v. United States, 159 U. S. 487.

It is within the discretion of the court to decide whether a specific answer should or should not be required. Drumms-Flato Com. Co. v. Edmisson, 28 Sup. Ct. Rep. 369; Robinson v. Palatine Ins. Co., 11 N. M. 162; Schofield v. Territory, ex. rel, etc., 9 N. M. 526.

## OPINION OF THE COURT.

COOLEY, J.—This case was tried twice in the District Court for Bernalillo County. The original complaint was filed on February 24th, 1906, alleging the following cause of action: That the plaintiff, Gallegos, a resident of Sandoval County, was on the 23rd day of December, 1905, the owner and in peaceful and undisputed possession of certain specified personal property then contained in the store house owned and occupied by him in the town of Bernalillo, County of Sandoval, and the defendants on that day unlawfully and with force of arms took from his possession this property and converted it to their own use. An action was brought against the Appellant, Sandoval, jointly with one Michael Mandel and one O. P. Hovey. A verdict for Mandel was directed by the court and the cause of action as to Hovey was abated by his death. It is necessary, therefore, on this appeal to consider only the answer of the defendant, Sandoval.

This in substance alleged that he was elected sheriff of the County of Sandoval in November, 1904, and that he duly qualified and held such office for the two years ensuing from the first day of January, 1905. The answer further set up that on the 9th day of December, 1904, said Michael Mandel recovered a judgment against the plaintiff Donaciano Gallegos; that this judgment was duly filed and entered in the office of the clerk of the District Court for the County of Bernalillo on that day; that the court had jurisdiction over both the person of Gallegos and the subject matter of the action and was in all things authorized and had power to render the judgment against

him. It was further alleged by way of defense that on the 16th day of October, 1905, an execution upon the portion of the judgment remaining unpaid was received by the defendant, Sandoval, as sheriff of Sandoval County and that this execution was placed in the hands of the defendant, O. P. Hovey, then a deputy sheriff, of the said county, and that a levy was made on the 14th day of December, 1905, under this execution upon the property of the plaintiff, Gallegos, particularly described in the schedule annexed to the execution, and that this execution constitutes a justification of the defendant's action in the premises.

The reply of the plaintiff takes issue with the allegation contained in the answer that the levy was made on December 14th and alleges that the actual date of making the levy was December 23rd, and further denies the truth of the return as to the property seized.

The case was first tried on October 10th, 1906, and a verdict in favor of the defendants was entered by direction of the court. A motion for a new trial was made by the plaintiff at the close of the case and denied on December 3rd, 1906. On February 21st, 1907, at the same term of court, the judge of his own motion set aside the judgment rendered in the case and granted a new trial. To this action of the court the defendants objected and the objection was overruled.

In the second trial, which began on November 2nd, 1907, the jury found a general verdict for the plaintiff against the defendant Sandoval and assessed the damages at five hundred dollars ($500.00). In addition to this verdict the following special findings were made to interrogatories submitted to the jury at the request of plaintiff:

1. On what date was the property of the plaintiff seized by Deputy Sheriff Hovey?

Answer. Unable to agree.

2. What was the value of the property on the date of seizure?

Answer. Seven hundred dollars.

3. What amount, if any, do you award the plaintiff by way of interest and including your verdict?

Answer. None.

4.  Do the jury find that any act of the defendant Emilio M. Sandoval, was oppressive?

Answer.  Yes.

From the judgment in favor of the plaintiff entered on this verdict the defendant Sandoval took an appeal to this court.  There are thirty-six (36) assignments of error. In this connection it may not be out of place to again call attention to the warning of Chief Justice Mills contained in the opinion in Robinson v. Palatine Insurance Co., 11 N. M. 162.

"Fifty-seven grounds of error are assigned in this cause, and as is usually the case, when the assignments are so numerous it will not be necessary to discuss them all.  It will perhaps be proper for us, in view of the very many assignments, to call the attention of the members of the bar to what the Supreme Court of the United States say in regard to making so many assignments of error: 'Other errors are assigned which it is unnecessary to notice in detail.  Most of them are covered by those already discussed, and some of them are so obviously frivolous as to require no discussion.  It is to be regretted that defendants found it necessary to multiply their assignments to such an extent, as there is always a possibility that, in the very abundance of alleged errors, a substantial one may be lost sight of.  This is a comment which courts have frequently occasion to make, and one which is too frequently disregarded by the profession.' Grayson v. Lynch, 163 U. S. 468; 11 N. M. 173."

At the outset we desire to say there can be no question of the right of the court to grant a new trial at any time during the term in which the judgment was entered. The second trial of the case was therefore clearly authorized.

The form of the action is trespass..  The complaint alleges that the defendant in seizing the goods of the plaintiff was a trespasser; upon this theory the complaint proceeds and upon this theory the plaintiff's case must stand or fall.

"It is essential to the formation of issues and to the intelligent and just trial of causes that a complaint should

proceed upon a definite and distinct theory. It would violate all rules of pleading to admit a complaint to be construed as best suited the exigencies of the case. To allow such a course of procedure would produce uncertainty and confusion and materially trench upon the right of the defendant to be informed of the issue he is required to meet. The rule is that the complaint must proceed upon a distinct and definite theory and upon that theory the case must stand or fall." Chicago, St. Louis & Pittsburg Railway Company, v. Bills, 104 Ind. 14.

"Nor can the answer in the original action be considered in determining the nature of the cause of action, but it must be determined by the complaint." Goodwin v. Griffis, 88 N. Y. 639.

"Nor do the allegations of the reply change or aid the plaintiff's case in chief. For that we look to the petition not to the reply, and the matter therein set up for the first time cannot avail." Raymond v. Railway Company, 57 Ohio St. 271-288.

We have here a general verdict for the plaintiff with certain special findings which it is alleged are inconsistent with that verdict. There can be no doubt that where there is a fatal inconsistency between the general verdict and the special findings the latter must control. (Upton v. Santa Rita Mining Co., 89 Pac. 275-281). But it is equally well settled that every reasonable presumption in favor of the general verdict will be indulged in, while nothing will be presumed in favor of the special findings and that where there is evidence to sustain the general verdict that verdict must stand. (29 Amer. & Eng. Enc. of Law 1035; Warren v. Southern Calif. Railroad Co., 67 Pac. 1.) It becomes our duty then to examine the entire record and if there is any theory upon which the general verdict can be sustained this must be done even though some or all of the special findings tend to throw doubt upon the soundness of the conclusion reached.

To sustain the cause of action the defendant must be held liable as a trespasser at the time the goods were

seized. An officer proceeding on a writ valid on its face issued out of a court of competent jurisdiction is not liable to a judgment debtor in action of trespass unless some abuse of authority can be shown. In the case at bar if the writ was placed in the sheriff's hands within sixty days from the time the levy was made and the return filed he cannot be held liable as a trespasser on the theory that the writ was functus officio. To recover on this theory the plaintiff must affirmatively establish that more than sixty days had elapsed since the writ was placed in the sheriff's hands. To the question "on what date was the property of the plaintiff seized by the Deputy Sheriff Hovey" the jury answered "Unable to agree." While we fully recognize the rule that the court may in its discretion withdraw special questions and accept a general verdict, (Cleveland, etc., R. Co. v. Doer, 41 Ill. App. 530; Kansas Pac. R. R. Co. v. Reynolds, 8 Kan. 623; Johnson v. Hubbard, 22 Kan. 277; Wyandotte v. Gibson, 25 Kan. 236; Moss v. Priest, 1 Robt. N. Y. 632,) that rule has no application here. The jury here made a finding which was equivalent to saying, "we do not affirmatively find that the writ was placed in the sheriff's hands more than sixty days before the levy was made and the return filed." It necessarily follows that on this theory of the defendant's liability there is fatal inconsistency between the special findings and the general verdict.

To justify a general verdict for the plaintiff on the theory that the writ was functus officio it was essential that the jury should have found affirmatively that the writ was in the sheriff's hands more than sixty days before the levy was made.

But the mere possession of the writ authorizing an officer to seize property affords him no protection if he abuses his authority:

"An officer having a valid writ, if he does not pursue the authority given him by his writ under the rules of law in his execution of his duty under it, is a trespasser in the same manner as if he had no writ; as if he takes goods not belonging to the debtor or goods exempted by law, there an action of trespass lies. This proceeds on the ground

Gallegos v. Sandoval.

that the writ affords a definite and limited authority when regulated by law and the legal justification for his action is co-extensive with his legal authority and he has no protection when acting beyond the scope of that authority. The authority is given upon this restriction and condition; that it shall not be abused or exceeded or used to effect an unlawful purpose. To accomplish this the rule is well established that where an authority given by law is exceeded the party loses the benefit of his justification and the laws hold him a trespasser ab initio although to a certain extent he followed the authority given. The law will operate retrospectively to defeat all acts thus done under color of lawful authority when exceeded." Ilsley v. Nichols, 12 Pickering 276.

If an officer goes outside the mandate of his process and commits a tortuous act he may be held liable as a trespasser ab initio upon the theory that such an act indicates an unlawful intention on his part to disregard the limitations of his authority. It necessarily follows that to render him liable the misconduct must be so gross as to furnish an indication that he intended at the outset to use his process as a cover for wrongdoing.

"Such an error as a person of ordinary care and common intelligence might commit will not amount to an abuse but there must be such a complete departure from the ordinary line of duty or such improper and illegal exercise of the authority to the prejudice of another—such an active and wilful wrong perpetrated—as will warrant the conclusion that its perpetrator intended from the first to do wrong, and to use his legal authority as a cover for his illegal conduct. Where the acts proved warrant no such conclusion the person charged with them is not a trespasser." Taylor v. Jones, 42 N. H. 25, 35.

"While the liability of an officer for an excessive levy is undoubted, the instances in which actions for such levies have been sustained are rare. This is because the officer must be allowed to exercise his own judgment in determining how much property it is necessary to seize and because he must be permitted to steer clear of liability for an inadequate levy. The few cases in which officers have been

held liable for excessive seizures will, we think, on examination be found confined to instances where the excess was so great and so perceptible that it must be attributed either to inexcusable ignorance or wilful oppression." Freeman on Exe., sec. 253.

"The claim that the attachment was excessive and unlawful because the defendant officer, before attaching the chattels, had on the same writ' commanding him to attach property of the value of $300 attached the plaintiff's real estate valued at $4,000, cannot be upheld on any facts stated in the case. To make an officer a trespasser for exceeding or abusing his authority, he must be shown to have committed acts, which persons of ordinary care and prudence would not under like circumstances have committed, and made such a departure from duty as to warrant the conclusion that he intended from the first to do wrong, and use his legal authority as cover for an illegal act. It does not appear that the officer acted in bad faith in making the attachment or that he was culpably negligent in not ascertaining the value of the real estate or that it was unencumbered, before attaching the personal property." Davis v. Webster, 59 N. H. 471, 473.

"From the situation of the property there must have been great uncertainty as to its value, and because it turned out when the flume was cleaned up that the value of the property was nearly double the amount of Hutching's demand it does not follow that the levy was therefore excessive." Saxey v. Adkinson, 40 Cal. 417.

"A levy is not an absolute satisfaction of the judgment, but a satisfaction *sub modo* only because until there has been a sale it cannot be known with any degree of certainty how much may be realized from the property. * * * At the same time he must be careful not to make an excessive levy, so excessive as to bear on its face the appearance of oppression and unnecessary rigor, but enough even at that hazard to make the money on the execution." French v. Snyder, 40 Ill. 339, 83 Am. Dec. 193.

The rule then seems to be that a sheriff seizing

Gallegos v. Sandoval.

goods in pursuance of a writ issuing out of a court of competent jurisdiction is protected against an action by the judgment debtor owning the property unless there has been an abuse of authority. To render the sheriff liable as a trespasser *ab initio* it must be shown that in making the levy he was so grossly negligent as to indicate a wilful intention to exceed his authority or that his acts subsequent to the levy were of such a character as to 'make it appear that he was influenced by motives of malice or corruption.

We believe that the rule is justified not only on principle and on authority but by reasons of sound public policy as well. A sheriff is held to a strict liability in seizing sufficient property and must take into consideration the likelihood that the property will have to be sacrificed at a forced sale. (Freeman on Executions 253). It would be manifestly unjust to hold an officer liable merely because his action resulted in an unnecessary hardship to the judgment debtor. He is obliged to levy upon all kinds of property, real and personal, and it would be altogether unreasonable to expect him to possess the varied knowledge which would be necessary to enable him to estimate accurately the value of anything he may suddenly be called upon to seize. It is also to be borne in mind that it is always within the power of the judgment debtor to avoid the inconvenience attendant upon a levy by satisfying the judgment.

But the jury in this case found that the defendant acted oppressively. If that finding is sufficient to render him liable there is no conflict between the general verdict and special findings, and the judgment must be affirmed. We are of opinion it is sufficient.

"The word 'oppression' has not acquired a strictly technical meaning and may in this statute be taken in its ordinary sense which is an act of cruelty, severity, unlawful exaction, domination or excessive use of authority." U. S. v. Deaver, 14 Fed. 595, 597.

The evidence in this case showed that the deputy sheriff

seized seven hundred dollars worth of goods to satisfy a judgment of less than one hundred dollars but this is not, as we have seen, sufficient per se to render him liable. The evidence further showed, however, that not only was this large levy made, but the judgment debtor was locked out of his own store. For this we see no justification, and the jury may very well have felt that the deputy sheriff acted with such a reckless disregard of the plaintiff's rights as to indicate forgetfulness on his part of the rule that "the officer is or should be a minister of justice, not of oppression and he should execute every writ put in his hands in such a manner as to do as little mischief to the debtor as possible." Freeman on Executions, Sec. 253.

It is at least questionable whether the defendant properly raised the matters which he assigns as error through failure to seasonably make his objections, but in view of the practical importance of the questions we have discussed we prefer to rest our decision on the grounds we have indicated.

There are other assignments of error but we do not regard any of them as well taken and we do not consider it necessary to discuss them in detail.

The judgment is therefore affirmed.