492 P.2d 1291

Herbert BENALLY and Wilbert Benally, Plaintiffs-Appellants,

v.

Glenn SILLS, d/b/a Chief Trading Post, Defendant-Appellee.

No. 708.

Court of Appeals of New Mexico.

Dec. 17, 1971.

Rehearing Denied Jan. 5, 1972.

Paul L. Biderman, Crownpoint, for appellants.

Stephen F. Grover, Farmington, for appellee.

## OPINION

HENDLEY, Judge.

Wilbert Benally was sued in magistrate court by Glen Sills. A stipulated judgment was signed by the magistrate which recites a hearing, appearances by counsel for both parties and that defendant "consented to the debt." No appeal was taken from that order. Subsequently, execution was issued and the deputy sheriff levied upon forty-nine sheep believed to be owned by Wilbert Benally. Thereafter, Wilbert Benally, through his counsel, filed three motions in the magistrate court which were argued by his counsel and denied by the magistrate.

Thereafter, Herbert Benally and Wilbert Benally filed this action against Sills in the district court. The issues were limited to the (1) validity of the magistrate court's action in entering judgment and subsequently issuing a writ of execution; (2) question of jurisdiction as to whether the sheriff had authority to execute on the sheep that were executed on; and, (3) ownership of the sheep. The trial court found that it had jurisdiction over the parties and the subject matter; that Herbert and Wilbert resided on Indian allotted lands outside the reservation; that a money judgment was entered in favor of Sills against Wilbert in the magistrate court and no appeal taken; that the deputy sheriff levied on forty-nine sheep found on lands occupied by Wilbert and reasonably believed the sheep to be owned by Wilbert; that sixteen of the sheep levied on were in fact owned by Herbert. Wilbert appeals.

We affirm.

Wilbert raises two issues. First, he claims the magistrate court judgment was void because he was served with process on Indian allotted lands. The trial court made no finding on this issue, and the place of service is difficult to ascertain from the findings on the record. Assuming service in the magistrate suit was made as Wilbert contends, it does not benefit Wilbert in this appeal. Assuming the claim could be made in district court without appealing the magistrate court's judgment, and assuming the claim made was justifiable under the circumstances, the record clearly shows that there was a general appearance in the magistrate court both before and after entry of the magistrate court judgment. Thus, magistrate court jurisdiction did not depend on service of its process and the trial court properly dismissed Wilbert's claim attacking the validity of the magistrate court judgment. See State ex rel. Davie v. Bolton, 53 N.M. 256, 206 P.2d 258 (1949); Pickering v. Palmer, 18 N.M. 473, 138 P. 198 (1914).

Second, Wilbert claims that service of the writ of execution occurred on Indian allotted lands and that this service was void because no New Mexico court has jurisdiction over such allotted lands. Wilbert seeks damages against the judgment creditor, Sills, because of this alleged void execution. Wilbert claims that Sills acted as agent for the sheriff in making the levy but the trial court found, on substantial evidence, that the levy was made by the deputy sheriff. See Riggs v. Gardikas, 78 N.M. 5, 427 P.2d 890 (1967). No claim is made that Sills ratified the allegedly void levy. Wilbert dismissed his damage claim against the deputy sheriff. See Gallegos v. Sandoval, 15 N.M. 216, 106 P. 373 (1909). Thus, it is extremely doubtful that any basis for relief against Sills was proved. Assuming that a basis for relief was proved, the claim made against Sills was for damages. Wilbert did not request the trial court to find on the subject of damages and no ruling on damages was made by the trial court. Wilbert has made no argument in this court concerning either a

.basis for relief against Sills or damages. The circumstances then are that Wilbert seeks a ruling as to the jurisdiction of the deputy sheriff to make the levy but does so in a damage suit against Sills without ever arguing a basis for Sills' liability. He seeks an advisory opinion which we decline to give. See Bell Telephone Laboratories v. Bureau of Revenue, 78 N.M. 78, 428 P. 2d 617 (1966). We cannot say the trial court erred in dismissing Wilbert's damage claim against Sills.

Affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.