796 P.2d 1143

**Georgene RUNGE and Thomas Runge, by his mother and next friend, Georgene Runge, Plaintiffs–Appellants,**

v.

**Robert E. FOX, Bernalillo County Clerk, Dolores Waller, Sheriff of Bernalillo County, Michael Benford, Brant Hollingsworth, and Bernalillo County, a political subdivision of the State of New Mexico, Defendants–Appellees.**

Nos. 10447, 10557.

Court of Appeals of New Mexico.

Aug. 2, 1990.

Janet Santillanes, Albuquerque, for plaintiffs-appellants.

Randal W. Roberts, Farlow, Simone, Roberts and Weiss, P.A., Albuquerque, for defendant-appellee, Robert E. Fox

Robert H. Clark, Keleher & McLeod, P.A., Albuquerque, for defendants-appellees, County, Sheriff, Benford and Hollingsworth.

## OPINION

CHAVEZ, Judge.

Plaintiffs allege that defendants wrongfully evicted them, and wrongfully carried out a writ of restitution against them. Plaintiffs' claims against Dolores Waller were dismissed with prejudice by stipulation. Summary judgment was entered for defendants Sheriff of Bernalillo County, Sheriff's Deputies Michael Benford and Grant Hollingsworth, and Bernalillo County. Defendant Robert Fox, plaintiffs' landlord, was granted a directed verdict. Plaintiffs appeal from these two orders.

Three issues are presented on appeal: (1) whether the Sheriff, his deputies, and the County breached their duty to plaintiffs by failing to check whether a notice of appeal had been filed or by failing to have a procedure to determine whether such a notice had been filed; (2) whether all the defendants were negligent per se for violating NMSA 1978, Section 47–8–47 (Repl. Pamp.1982) (appeal stays execution); and (3) whether there was evidence presented at trial which would support a verdict against Fox. We affirm the grant of summary judgment for the Sheriff, his deputies, and the County, and reverse the directed verdict for Fox.

*Facts*

In August 1983, in another action, Fox petitioned for the restitution of an apartment which he had rented to the plaintiffs. Trial was held on September 2, 1983. The magistrate court judge signed a writ of restitution on that date, ordering the Sheriff or his deputy to remove plaintiffs from the subject premises on September 6, 1983. Plaintiffs filed a notice of appeal from the order of restitution on September 2, 1983, and served a copy on Fox's attorney. The Sheriff's department received the writ of restitution on September 7, 1983. Pursuant to a request by the deputies, Fox met them at plaintiffs' apartment on September 8, 1983. Fox took an inventory of plaintiffs' possessions and changed the locks. He also posted his name and phone number on the door to the apartment. Deputy Hollingsworth certified that the writ was carried out by restoring the premises to Fox and posting the writ on September 8, 1983.

*The Duty of the Sheriff and His Deputies*

Plaintiffs contend that the Sheriff and his deputies acted negligently because they should have known, either by checking with the magistrate clerk's office directly or by implementing and following a procedure, that the plaintiffs had filed a notice of appeal from the order of restitution which automatically stayed execution of that writ. *See* § 47–8–47 (Repl.Pamp. 1982).

The action against these public defendants is brought under NMSA 1978, Section 41–4–4 (Repl.Pamp.1989) of the Tort Claims Act. NMSA 1978, §§ 41–4–1 to –27 (Repl.Pamp.1989). Insofar as this suit is against law enforcement officers pursuant to Section 41–4–12 the established law of negligence and damages applies to all claims and defenses. *Methola v. County of Eddy*, 95 N.M. 329, 622 P.2d 234 (1980).

A sheriff and his deputies are charged with the responsibility of serving and executing all writs and orders directed to them by the magistrate courts. NMSA 1978, § 4–41–14 (Repl.Pamp.1984). Pre-sumably, if the deputies checked with the court clerk's office, they would have learned that plaintiffs' notice of appeal had been filed. The question we must address is whether the facial validity of the writ itself absolves them from any liability for execution of the warrant.

In *Torres v. Glasgow*, 80 N.M. 412, 456 P.2d 886 (Ct.App.1969), deputy sheriffs executed a "search warrant" in order to locate a child and take him into custody. Custody of the child was at issue in a suit between the plaintiff and the child's mother. Pursuant to an affidavit by the mother, a criminal complaint was filed against the plaintiff. In view of the fact that the child was allegedly unlawfully imprisoned, the search warrant may not have been the proper remedy. However, since the warrant was fair or issued by a court of competent jurisdiction and was valid on its face, the officers were protected from liability for its service and execution. *Id.*

In addition, it would seem relatively simple for a tenant to assert his rights by calling the Sheriff's office, by posting a copy of the notice of appeal on his door, or both. There was evidence that the deputies had made inquiries to the court in the past when a tenant informed them that a notice of appeal had been filed. Accordingly, we find that the facial validity of the writ protects the executing officers from liability. *Id.; see Gallegos v. Sandoval*, 15 N.M. 216, 106 P. 373 (1909) (liability of sheriff executing a writ issued by a court of competent jurisdiction is precluded, absent an abuse of authority).

Plaintiffs also argue that the Sheriff should have implemented a procedure by which the validity of the writ of restitution could have been checked. In view of the potentially imposing burden that such a requirement would force upon all New Mexico sheriff's offices, and considering once again the relative ease with which plaintiffs could have asserted their right to a stay, we find that the Sheriff did not have such a duty as a matter of law. *Torres v. Glasgow.*

## Negligence Per Se

■ Plaintiffs contend that the action of the Sheriff's deputies and Fox in carrying out the writ of execution violated Section 47–8–47 (an appeal shall stay the execution of any writ of restitution) and constitutes negligence per se. The test for negligence per se is, there must be a statute defining a standard of conduct, either explicitly or implicitly, defendant must violate the statute, plaintiff must be in the class of persons sought to be protected by the statute, and the harm or the injury to the plaintiff must be of the type the legislature sought to prevent. *Archibeque v. Homrich*, 88 N.M. 527, 543 P.2d 820 (1975).

The purpose of the Uniform Owner–Resident Relations Act, NMSA 1978, Sections 47–8–1 to –51 (Cum.Supp.1989) is, generally, to clarify the rights and obligations of owners and residents. *See* § 47–8–2. It is not clear that Section 47–8–47 was intended to protect tenants from the harm created by the execution of a writ of restitution by Sheriff's deputies who were unaware that a notice of appeal had been filed. *See Archibeque v. Homrich.* Section 47–8–47 does not explicitly or implicitly require that a property owner such as Fox, either do or not do a specific act after the court has issued a writ of restitution. We also note that the statute does not provide a standard of conduct for a reasonable person under these particular circumstances. *See id.* Accordingly, violation of the statute does not establish negligence per se with respect to the conduct of any of the defendants.

## Bernalillo County as Defendant

■ Plaintiffs base their claims against the County on allegations of liability under the doctrine of respondeat superior and the County's failure to properly supervise the Sheriff's deputies. Since we affirm the entry of summary judgment for the Sheriff and his deputies, it necessarily follows that the County, on whose behalf the Sheriff's deputies allegedly acted, is not liable for their actions. An employer is liable under the doctrine of respondeat superior for the tort of an employee if it is committed in the course and scope of his employment. *See McCauley v. Ray*, 80 N.M. 171, 453 P.2d 192 (1968).

## The Directed Verdict for Fox

■ In support of the grant of the directed verdict, Fox contends that the deputies executed the writ, that plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel, and that he had no knowledge of the filing of the notice of appeal.

While Fox argues that it was the Sheriff's deputies who carried out the execution of the writ of restitution, he does not deny that he assisted in carrying out the writ. Furthermore, plaintiffs specifically allege that Fox entered plaintiffs' apartment and took possession of their belongings. We do not construe plaintiffs complaint so narrowly as to preclude recovery damages for Fox's participation in the execution of the writ, regardless of whether he was responding to a request from the deputies to meet them at the apartment.

■ Fox's contentions with respect to res judicata and collateral estoppel are not persuasive. While there was prior litigation between Fox and plaintiffs, the issues in that case related to Fox's claim that he was entitled to past due rent and restitution of the premises, and to plaintiff Georgene Runge's counterclaim for property damages. Here, the cause of action involves Fox's liability with respect to the manner of executing the writ of restitution. Since both the causes of action and the facts material to each are different, the doctrine of res judicata does not apply. *See Torres v. Village of Capitan*, 92 N.M. 64, 582 P.2d 1277 (1978). Although the two cases involve the same parties, and may arise from the same underlying situation, the material facts and issues involved are distinct and separate. Collateral estoppel applies to prevent relitigation of ultimate facts or issues decided by a prior suit. *See id.* Thus, it does not bar litigation of the issue of Fox's liability. *See id.*

■ Fox disavows any knowledge of the filing of the notice of appeal prior to

September 8, 1983, when the writ of restitution was executed. The notice of appeal contains a certification that the document was mailed to Fox's attorney on September 2, 1983. The certificate of mailing is evidence from which a jury could infer that his attorney had knowledge of the notice of appeal. Knowledge of any material fact possessed by the attorney is also knowledge of the client. *Sawyer v. Barton,* 55 N.M. 479, 236 P.2d 77 (1951).

Upon reviewing a judgment entered pursuant to a motion for a directed verdict, we are required to view the evidence and all reasonable inferences therefrom in the light most favorable to the party resisting the motion, and resolve all conflicts in favor of the party resisting the motion. *Skyhook Corp. v. Jasper,* 90 N.M. 143, 560 P.2d 934 (1977). Considering the evidence showing that Fox assisted the deputies, as well as his imputed knowledge of the notice of appeal and its effect of staying the writ of restitution, there was evidence which would support a verdict in plaintiffs' favor. Accordingly, we find error in the grant of a directed verdict for Fox.

## Conclusion

We affirm the summary judgment in favor of the Sheriff, his deputies, and the County. We reverse the directed verdict for Fox and remand for a new trial.

IT IS SO ORDERED.

DONNELLY and MINZNER, JJ., concur.